IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, EL PASO DIVISION

| | |
|---|---|
| DANIEL VILLEGAS, ) | |
| ) | Case No. 3:15-CV-386 |
| Plaintiff, ) | |
| ) | Hon. Frank Montalvo, |
| v. ) | District Judge |
| ) | |
| CITY OF EL PASO, ALFONSO MARQUEZ, CARLOS ) | Hon. Leon Schydlower, |
| ORTEGA, SCOTT GRAVES, JOE LAREDO, ) | Magistrate Judge |
| KEMMITT BELLOWS, EARL ARBOGAST, LINK ) | |
| BROWN, JOHN SCAGNO, UNKNOWN EMPLOYEES ) | JURY TRIAL DEMANDED |
| OF THE CITY OF EL PASO, ) | |
| ) | |
| Defendants. ) | |

## REPORT OF PARTIES' RULE 26(f) CONFERENCE

Plaintiff DANIEL VILLEGAS, by his attorneys, and Defendants CITY OF EL PASO, ALFONSO MARQUEZ, CARLOS ORTEGA, SCOTT GRAVES, KEMMETT BELLOWS, EARL ARBOGAST, LINK BROWN, and JOHN SCAGNO, by their attorneys, respectfully submit to the Court the following Report of Parties' Rule 26(f) Conference:

### INTRODUCTION

Attorneys for each of the above-named parties participated in a Rule 26(f) conference by telephone on April 28, 2016 in an effort to come to agreement on a scheduling order and discovery plan. The parties tried in good faith to arrive at a joint proposal, but are at impasse. Accordingly, Plaintiff and Defendants set forth their respective positions here.

**Plaintiff's Position:**

Defendants contend that no discovery should go forward; in Plaintiff's view, there is no reason to deviate from the normal course of proceedings. On March 2, 2016, the first Defendants appeared in this case. *See* Doc. No. 30 (Answer of Defendant Ortega). Pursuant to Local Rule

CV-16(c), requiring submission of a proposed scheduling order within 60 days of that date, Plaintiff submits his proposed scheduling order attached to this joint status report as Exhibit A. Plaintiff notes that he has obtained service on all named defendants with the exception of Defendant Joe Laredo, who Plaintiff learned was deceased after filing his First Amended Complaint (Doc. No. 2).

In addition to the dates contained on the proposed scheduling order, pursuant to Federal Rule of Civil Procedure 26(a)(1)(C) Plaintiff proposes that the parties make their initial disclosures on or before May 12, 2016.

Regarding the deadline to move to amend the pleadings or join additional parties (item 3 on Plaintiff's proposed scheduling order), Plaintiff notes his intention to amend his complaint to add state law and federal law claims for malicious prosecution, as soon as the criminal proceedings in this case are terminated. The fact that the criminal proceedings have not yet terminated prevents Plaintiff from asserting the claims at this time, as this is a necessary element of the claim. However, the factual basis for these claims is the same police misconduct already alleged by Plaintiff and underlying the claims he has already asserted. As such, no party will be prejudiced by adding those claims as soon as Plaintiff is able to do so.

Plaintiff notes that Defendants have filed a Joint Motion to Abate the Instant Civil Action, Doc. No. 55. Plaintiff will file his response to their motion setting out in detail the legal basis for his view that the case should proceed without delay. In brief, Plaintiff's coerced confession has been suppressed in the underlying criminal proceedings and that ruling has not been appealed. Accordingly, regardless of the outcome of his criminal charges, at the very least Plaintiff's coerced confession claims will survive and require resolution. In this context, because the discovery must be performed sooner or later, no purpose is served by delay. Rather, delay

risks further deterioration of witnesses' memories in an already aging fact pattern. *See* Fed. R. Civ. P. 1 (stating that the federal rules should be administered to "secure the just, *speedy*, and inexpensive determination of every action") (emphasis added). Finally, commencing discovery while the criminal case is pending would not create an uneven playing field. While Defendants suggest that they would lack access to the District Attorney's files, any discoverable documents within Plaintiff's custody or control would be made available to Defendants if responsive to a valid request for production, subject to a protective order if necessary.

**Defendants' Position:**

      The Defendants have filed a Joint Motion to Abate this lawsuit subject to the Defendants' respective Rule 12(b)(6) motions to dismiss. The Defendants jointly request a conference with the Court before entry of the scheduling order, because of the Defendants' belief that it will be necessary to bifurcate and conduct discovery in two (2) phases, qualified immunity and then, if necessary, Monell Liability. Given the posture of this case and the parallel criminal proceedings, Defendants wish to postpone discovery until after their respective Motions to Dismiss have been finally decided up to and including through the appeal process. As the Court's determination of these matters under Rule 12(b) are based solely on the pleadings, Defendants contend that discovery is not necessary at this point. The attorneys for the parties need to discuss these important issues with the Court.

      As a practical matter, undertaking discovery at this stage would be premature and would result in unnecessary incurring of substantial costs and significant duplicitous discovery as well as wasting judicial resources. This is particularly true if, as the Defendants understand, the Plaintiff wishes to prosecute his claims piecemeal. Another additional major concern is the fact

that with the pending criminal proceedings, the Defendants have no meaningful access to the District Attorney's files creating an unacceptable uneven playing field.  These and other practical matters need to be discussed with the Court before a meaningful scheduling order and discovery control plan can be entered. Similarly, Defendants further jointly contend that this case should be abated for the reasons set forth in their Joint Motion to Abate.

Additionally, Defendant City of El Paso anticipates filing a motion to bifurcate these matters for trial on liability and damages and the claims against the police officer Defendants should proceed first because the result of such trial will be determinative of whether the City has any potential liability for Plaintiff's claims.  Plaintiff's stated intention to add additional claims in this lawsuit at the conclusion of Plaintiff's prosecution indicate that these claims are not ripe, but are of a nature that they are inextricably tied to the facts in this lawsuit.  Failure to abate the lawsuit pending the outcome of Plaintiff's criminal prosecution would necessarily lead to the unnecessary duplication of discovery which would be a waste of City and judicial resources.

Respectfully submitted,

/s/ Sam Heppell
Jon Loevy, Illinois Bar No. 6218254
(admitted to this Court *pro hac vice*)
jon@loevy.com
Russell Ainsworth, Illinois Bar No. 6280777
russell@loevy.com
Sam Heppell, Illinois Bar No. 6320776
sam@loevy.com
LOEVY & LOEVY
312 N. May Street, Ste. 100
Chicago, IL 60607
T: 312-243-5900
F: 312-243-5902

Felix Valenzuela, State Bar No. 24076745
felix@valenzuela-law.com
VALENZUELA LAW FIRM
221 N. Kansas Street, Ste. 1200
El Paso, TX 79901
T: 915-209-2719
F: 915-493-2404

Attorneys for Plaintiff DANIEL VILLEGAS

/s/ Scott Tschirhart
George Hyde, State Bar No. 45006157
george.hyde@rampage-aus.com
Scott Tschirhart, State Bar No. 24013655
scott.tschirhart@rampage-aus.com
DENTON NAVARRO ROCHA
BERNAL HYDE & ZECH, P.C.
2500 W. William Cannon, Suite 609
Austin, TX 78745
T: 512-279-6431
F: 512-279-6438

Laura P. Gordon, State Bar No. 16247100
gordonlp@elpasotexas.gov
Oscar G. Gabaldón, Jr.,
State Bar No. 07562900
GabaldonOG@elpasotexas.gov
EL PASO CITY ATTORNEY'S OFFICE
300 N. Campbell, Second Floor
El Paso, TX 79901
T: 915-212-0033
F: 915-212-0034

Attorneys for Defendants CITY OF EL PASO and JOHN SCAGNO, in his official capacity


/s/ Jim Darnell
Jim Darnell, State Bar No. 05391250
jdarnell@jdarnell.com
Jeep Darnell, State Bar No. 24075845
jedarnell@jdarnell.com
JIM DARNELL, P.C.
310 N. Mesa St., Ste. 212
El Paso, TX 79901
T: 915-532-2442
F: 915-532-4549

Attorneys for Defendants SCOTT GRAVES, EARL ARBOGAST and LINK BROWN


/s/ James A. Martinez
James A. Martinez, State Bar No. 00791192
martinezja@jmeplaw.com
JAMES A. MARTINEZ, P.L.L.C.
7170 Westwind Drive, Suite 201
El Paso, Texas 79912
T: 915-543-9712
F: 915-543-9718

Attorney for Defendant ALFONSO MARQUEZ

/s/ Andy Almanzán
Carl H. Green, State Bar No. 08347330
green@mgmsg.com
Andrés E. Almanzán, State Bar No. 24001643
almanzan@mgmsg.com
MOUNCE, GREEN, MYERS, SAFI, PAXSON & GALATZAN
A Professional Corporation
PO Drawer 1977
El Paso, TX 79999-1977
T: 915-532-2000
F: 915-541-1597

Attorneys for Defendant CARLOS ORTEGA


/s/ Eric M. Brittain
Eric M. Brittain, State Bar No. 00783724
brittain@windlehood.com
WINDLE, HOOD, NORTON, BRITTAIN & JAY, LLP
Chase Tower, Suite 1350
201 E. Main Drive
El Paso, TX 79901
T: 915-545-4900
F: 915-545-4911

Attorney for Defendant KEMMETT BELLOWS


/s/ Eduardo Miranda
Eduardo Miranda, State Bar No. 14199590
emiranda54@att.net
EDUARDO MIRANDA, ATTORNEY AT LAW
2330 Montana Ave.
El Paso, TX 79903
T: 915-351-7693
F: 915-351-7696

Attorney for Defendant JOHN SCAGNO, in his individual capacity

## CERTIFICATE OF SERVICE

  I, Sam Heppell, an attorney, hereby certify that on May 2, 2016, I filed the foregoing Joint Status Report using the Court's CM/ECF system, which effected service on all counsel of record.

                Respectfully submitted,
                /s/ Sam Heppell
                One of Plaintiff's Attorneys

                SIGNED May 2, 2016