IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, EL PASO DIVISION

| | |
|---|---|
| DANIEL VILLEGAS, | ) |
| | ) |
| Plaintiff, | )  Case No. 3:15-CV-386 |
| | ) |
| v. | )  Hon. David C. Guaderrama |
| | ) |
| CITY OF EL PASO et al., | )  Hon. Leon Schydlower |
| | ) |
| Defendants. | ) |

**PLAINTIFF DANIEL VILLEGAS'S RESPONSE TO DEFENDANT CITY OF EL PASO'S "EMERGENCY" MOTION FOR LEAVE TO TAKE DEPOSITION [286] AND FOR LEAVE TO FILE REPLY [288]**

On October 24, 2022—just seven days before Plaintiff's expert reports were due and thirty-five days before the close of fact discovery—Defendant City disclosed 50 fact witnesses for the first time. [Dkt. 259-3.] Plaintiff moved to quash those long-overdue disclosures because the witnesses were former El Paso personnel and former prosecutors and had been known or identifiable to the City since the start of this case. [Dkt. 259.] Defendant never provided any justification for its last-minute witness dump, and did not even aver that those fifty-plus witnesses had just been discovered. [Dkt. 260.] Instead, Defendant insisted that it was within its rights to wait to disclose the witnesses until the very last minute, despite Plaintiff's long-ago discovery requests seeking the identity of any witness with relevant knowledge. [*Id.*] Plaintiff's motion to quash is pending.

The City now moves the Court for leave to take an "emergency" post-fact-discovery deposition of one of those late-disclosed witnesses, Pete Oceguda. [Dkt.

286.] But the Court's scheduling order provides that, although the parties may proceed by consent to take discovery after the fact-discovery deadline, "there will be **no intervention** by the Court except in extraordinary circumstances." [Dkt. 249.] There is no need for such intervention. Plaintiff already reasonably agreed that Mr. Oceguda's deposition may proceed if Plaintiff's motion to quash is denied, but not otherwise. [Dkt. 286-3 at 1.] That compromise is reasonable, and there is no good cause—let alone any "extraordinary circumstances"—to order that Oceguda's post-fact-discovery deposition proceed on an emergency basis.

The City also moves for leave to file a reply on its motion to compel written deposition responses from John Mimbela. [Dkt. 288.] But the City has shown that it is not truly interested in the relief sought in that motion: namely, for John Mimbela to answer the City's written deposition questions under oath. [Dkt. 264.] Instead, the City prefers to multiply the discovery disputes before the Court, which Plaintiff fears is a ploy to extend the deadlines in this case, where Defendants find themselves past the discovery cut-off without having taken Plaintiff's deposition.

On November 17, Mr. Mimbela provided written responses to the City's written deposition questions. [Dkt. 275-6.] Defendant's counsel responded that those responses were not satisfactory, but refused to say why not. [Dkt. 275-8.] Eventually, after multiple requests for clarification, the City responded on November 29 that Mimbela's answers were insufficient because they were "provided outside of the presence of the deposition officer who consequently could not properly certify them." Ex. 1 at 5. This was the first time that the City had ever said that it

required Mr. Mimbela to swear his responses in front of its chosen officer. And even now, the City has not offered to make its officer available, even after being asked to do so last Wednesday, November 30. Ex. 1 at 1. Mr. Mimbela is happy to certify his responses in front of the City's chosen officer, but the City has refused to obtain the very same relief it seeks. The City cannot complain that Mr. Mimbela has not sworn to his written deposition responses in its preferred manner while failing to facilitate that action.

Accordingly, there is no emergency here. Oceguda's deposition will rise and fall with Plaintiff's motion to quash, and Defendants' emergency motion [Dkt. 286] to take his deposition should be denied. Further, Defendants' motion for leave to file a Reply brief [Dkt. 288] should be denied because Mr. Mimbela has agreed to the relief Defendants seek.

RESPECTFULLY SUBMITTED,

DANIEL VILLEGAS

By: /s/ Wallace Hilke
    One of His Attorneys

Jon Loevy, Illinois Bar No. 6218254
(admitted *pro hac vice*)
jon@loevy.com
Russell Ainsworth, Illinois Bar No. 6280777
russell@loevy.com
Sam Heppell, Illinois Bar No. 6320776
sam@loevy.com
Quinn Rallins, Illinois Bar No. 6339556
(admitted *pro hac vice*)
rallins@loevy.com
Wallace Hilke, Illinois Bar No. 6329814
(admitted *pro hac vice*)

3

>hilke@loevy.com
>LOEVY & LOEVY
>311 N. Aberdeen St., 3rd Fl.
>Chicago, IL 60607
>T: 312-243-5900
>F: 312-243-5902
>
>Felix Valenzuela
>State Bar No. 24076745
>VALENZUELA LAW FIRM
>221 N. Kansas Street, Ste. 1200
>El Paso, TX 79901
>T: 915-209-2719
>F: 915-493-2404
>felix@valenzuela-law.com

## CERTIFICATE OF SERVICE

I, Wallace Hilke, an attorney, hereby certify that on December 6, 2022, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

>*/s/ Wallace Hilke*
>One of Plaintiff's Attorneys