12/5/22, 6:19 PM
EXHIBIT 1

Case 3:15-cv-00386-DCG    Document 292    Filed 12/06/22    Page 1 of 19
Loevy & Loevy Mail - RE: Mimbela subpoena response--Effort to confer.



**Wally Hilke <hilke@loevy.com>**

---

## RE: Mimbela subpoena response--Effort to confer.

**Wally Hilke** <hilke@loevy.com>                                                                    Wed, Nov 30, 2022 at 3:35 PM
To: Scott Tschirhart <SMTschirhart@rampagelaw.com>
Cc: Christy Burke <ceburke@rampagelaw.com>, alumbley@tlc-texas.com, Quinn Rallins <rallins@loevy.com>, Russell Ainsworth <russell@loevy.com>, Lowell Denton <lfdenton@rampagelaw.com>, "Ric J. Navarro" <rjnavarro@rampagelaw.com>, "Kelly R. Albin" <kralbin@rampagelaw.com>, Adolfo Ruiz <aruiz@rampagelaw.com>, "Robert L. Drinkard" <rldrinkard@rampagelaw.com>, "Valerie Q. Elizondo" <vqelizondo@rampagelaw.com>, Jolene Antonia Valdez <javaldez@rampagelaw.com>, "Darnell, Jim (jdarnell@jdarnell.com)" <jdarnell@jdarnell.com>, "Darnell, Jeep (jedarnell@jdarnell.com)" <jedarnell@jdarnell.com>, "JAMES A. MARTINEZ" <MARTINEZ@mgmsg.com>, "Almanzan, Andres E. (almanzan@mgmsg.com)" <almanzan@mgmsg.com>, "Brittain, Eric M. (brittain@windlehood.com)" <brittain@windlehood.com>, "Green, Carl H. (green@mgmsg.com)" <green@mgmsg.com>, Ethan Woodward <ethan@loevy.com>, Meredith Westbrook <mwestbrook@rampagelaw.com>, "James A. Martinez" <martinezja@jmeplaw.com>

Mimbela is not fighting compliance with Rule 31 and I'm disappointed that you've represented otherwise to the Court. After weeks of asking you what else you needed, you just told us today.

Let me know when the deposition officer is available to witness Mr. Mimbela signing his declaration, since that is the form you've insisted on.

On Wed, Nov 30, 2022, 12:44 PM Scott Tschirhart <SMTschirhart@rampagelaw.com> wrote:

> Wally,
>
> Will you be opposed to us filing a late Reply to Mimbela's Response to the City's Motion to Compel?
>
> Best regards,
>
> **Scott M. Tschirhart**
>
> **Partner**
>
> ![DNRBZ logo FINAL outlines]
>
> A Professional Corporation
>
> 2500 W. William Cannon Drive, Suite 609
>
> Austin, Texas 78745
>
> Phone: (512) 279-6431
>
> Fax: (512) 279-6438
>
> Email: smtschirhart@rampagelaw.com
>
> **Rampagelaw.com**

ATTENTION: Please make note of my new Email Address: smtschirhart@rampagelaw.com

**CONFIDENTIALITY NOTICE**

**This transmission is intended for the individual or entity to which it is addressed, and may be information that is PRIVILEGED & CONFIDENTIAL. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting if from your computer. Thank you.**

---

**From:** Scott Tschirhart <SMTschirhart@rampagelaw.com>
**Sent:** Wednesday, November 30, 2022 9:41 AM
**To:** Wally Hilke <hilke@loevy.com>
**Cc:** Christy Burke <ceburke@rampagelaw.com>; alumbley@tlc-texas.com; Quinn Rallins <rallins@loevy.com>; Russell Ainsworth <russell@loevy.com>; Lowell Denton <lfdenton@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kelly R. Albin <kralbin@rampagelaw.com>; Adolfo Ruiz <aruiz@rampagelaw.com>; Robert L. Drinkard <rldrinkard@rampagelaw.com>; Valerie Q. Elizondo <vqelizondo@rampagelaw.com>; Jolene Antonia Valdez <javaldez@rampagelaw.com>; Darnell, Jim (jdarnell@jdarnell.com) <jdarnell@jdarnell.com>; Darnell, Jeep (jedarnell@jdarnell.com) <jedarnell@jdarnell.com>; JAMES A. MARTINEZ <MARTINEZ@mgmsg.com>; Almanzan, Andres E. (almanzan@mgmsg.com) <almanzan@mgmsg.com>; Brittain, Eric M. (brittain@windlehood.com) <brittain@windlehood.com>; Green, Carl H. (green@mgmsg.com) <green@mgmsg.com>; Ethan Woodward <ethan@loevy.com>; Meredith Westbrook <mwestbrook@rampagelaw.com>
**Subject:** RE: Mimbela subpoena response--Effort to confer

Wally,

We want Mimbela to fully respond to the Subpoena, including producing ALL communications between Mimbela and Plaintiff which we specifically asked for in the first category of documents requested in the subpoena:

**1. Any and all documents, transcripts, emails, correspondence, photos, video recordings,**

**audio recordings, you have in your possession that was provided to you by Daniel Villegas,**

**Yolanda Villegas, or Priciliano Villegas (Father) and any and all such materials you provided to**

**Daniel Villegas, Yolanda Villegas, or Priciliano Villegas (Father) at any time after January 1,**

**1995.**

After or contemporaneously with producing the records, we want Mimbela to sign the return in front of the officer taking the deposition as set forth in Rule 31.

Best regards,

12/5/22, 6:19 PM    Loevy & Loevy Mail - Re: Mimbela subpoena response--Effort to confer.

Case 3:15-cv-00386-DCG   Document 292   Filed 12/06/22   Page 3 of 19

**Scott M. Tschirhart**

**Partner**

DNRBZ logo FINAL outlines

A Professional Corporation

2500 W. William Cannon Drive, Suite 609

Austin, Texas 78745

Phone: (512) 279-6431

Fax: (512) 279-6438

Email: **smtschirhart@rampagelaw.com**

**Rampagelaw.com**

ATTENTION: Please make note of my new Email Address:   smtschirhart@rampagelaw.com

<span style="color:red">**CONFIDENTIALITY NOTICE**</span>

<span style="color:red">**This transmission is intended for the individual or entity to which it is addressed, and may be information that is PRIVILEGED & CONFIDENTIAL. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting if from your computer. Thank you.**</span>

**From:** Wally Hilke <hilke@loevy.com>
**Sent:** Wednesday, November 30, 2022 9:17 AM
**To:** Scott Tschirhart <SMTschirhart@rampagelaw.com>
**Cc:** Christy Burke <ceburke@rampagelaw.com>; alumbley@tlc-texas.com; Quinn Rallins <rallins@loevy.com>; Russell Ainsworth <russell@loevy.com>; Lowell Denton <lfdenton@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kelly R. Albin <kralbin@rampagelaw.com>; Adolfo Ruiz <aruiz@rampagelaw.com>; Robert L. Drinkard <rldrinkard@rampagelaw.com>; Valerie Q. Elizondo <vqelizondo@rampagelaw.com>; Jolene Antonia Valdez <javaldez@rampagelaw.com>; Darnell, Jim (jdarnell@jdarnell.com) <jdarnell@jdarnell.com>; Darnell, Jeep (jedarnell@jdarnell.com) <jedarnell@jdarnell.com>; JAMES A. MARTINEZ <MARTINEZ@mgmsg.com>; Almanzan, Andres E. (almanzan@mgmsg.com) <almanzan@mgmsg.com>; Brittain, Eric M. (brittain@windlehood.com) <brittain@windlehood.com>; Green, Carl H. (green@mgmsg.com) <green@mgmsg.com>; Ethan Woodward <ethan@loevy.com>; Meredith Westbrook <mwestbrook@rampagelaw.com>
**Subject:** Re: Mimbela subpoena response--Effort to confer.

Thank you for clarifying. So you just want him to get the declaration notarized?

On Wed, Nov 30, 2022 at 9:10 AM Scott Tschirhart <SMTschirhart@rampagelaw.com> wrote:

> Good morning Wally,

I apologize for any confusion. You wrote "Under 28 USC 1746, there's no difference." But there is a significant express exception in the statute for depositions and in particular under Rule 31.

The statute states in relevant part:

*Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:*

28 U.S.C.A. § 1746 (West)

Mr. Mimbela's response does not comply with Rule 31 and the City's Motion to Compel is not moot.

Best regards,

**Scott M. Tschirhart**

**Partner**

DNRBZ logo FINAL outlines

A Professional Corporation

2500 W. William Cannon Drive, Suite 609

Austin, Texas 78745

Phone: (512) 279-6431

Fax: (512) 279-6438

Email: **smtschirhart@rampagelaw.com**

**Rampagelaw.com**

ATTENTION: Please make note of my new Email Address: smtschirhart@rampagelaw.com

12/5/22, 6:19 PM
Case 3:15-cv-00386-DCG Document 292 Filed 12/06/22 Page 5 of 19
Loevy & Loevy Mail RE: Mimbela subpoena response--Effort to confer.

### CONFIDENTIALITY NOTICE

**This transmission is intended for the individual or entity to which it is addressed, and may be information that is PRIVILEGED & CONFIDENTIAL. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting if from your computer. Thank you.**

---

**From:** Wally Hilke <hilke@loevy.com>
**Sent:** Tuesday, November 29, 2022 8:30 PM
**To:** Scott Tschirhart <SMTschirhart@rampagelaw.com>
**Cc:** Christy Burke <ceburke@rampagelaw.com>; alumbley@tlc-texas.com; Quinn Rallins <rallins@loevy.com>; Russell Ainsworth <russell@loevy.com>; Lowell Denton <lfdenton@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kelly R. Albin <kralbin@rampagelaw.com>; Adolfo Ruiz <aruiz@rampagelaw.com>; Robert L. Drinkard <rldrinkard@rampagelaw.com>; Valerie Q. Elizondo <vqelizondo@rampagelaw.com>; Jolene Antonia Valdez <javaldez@rampagelaw.com>; Darnell, Jim <jdarnell@jdarnell.com>; jdarnell@jdarnell.com>; Darnell, Jeep (jedarnell@jdarnell.com) <jedarnell@jdarnell.com>; JAMES A. MARTINEZ <MARTINEZ@mgmsg.com>; Almanzan, Andres E. <almanzan@mgmsg.com> <almanzan@mgmsg.com>; Brittain, Eric M. (brittain@windlehood.com) <brittain@windlehood.com>; Green, Carl H. (green@mgmsg.com) <green@mgmsg.com>; Ethan Woodward <ethan@loevy.com>; Meredith Westbrook <mwestbrook@rampagelaw.com>
**Subject:** Re: Mimbela subpoena response--Effort to confer.

Scott,

I do not understand and do not think you previously noted what you have just told us. Is your objection that the answers weren't notarized? Under 28 USC 1746, there's no difference. Mimbela's declaration has the same force and effect as a sworn statement.

On Tue, Nov 29, 2022, 5:17 PM Scott Tschirhart <SMTschirhart@rampagelaw.com> wrote:

> Wally,
>
> As we have previously noted, Mr. Mimbela's response does not to comply with Rule 31 because it is incomplete.
>
> Mr. Mimbela's response does not comply with Rule 31 because the answers were provided outside of the presence of the deposition officer who consequently could not properly certify them. Absent an agreement by the parties under Rule 29 that would allow for the signed, unnotarized submission provided without the deposition officer, Mimbela's response simply does not comply with the rules. *See Crawford v. U.S. Dep't of Homeland Sec.*, 245F. App'x 369 (5th Cir. 2007) ("Rule 31 of the Federal Rules of Civil Procedure clearly states that an officer is to take responses and prepare the record of depositions upon written questions. FED.R.CIV.P. 31(b). Although Rule 29 may allow parties to waive this requirement by agreement, there is no evidence such an agreement was made. Consequently, the district court did not abuse its discretion in denying this motion."); *Ecoquij-Tzep v. Le Arlington, Inc.*, 2018 WL 514255, at *11 (N.D. Tex. Jan. 23, 2018) (The "Certificate to Deposition Upon Written Questions" indicates only that Ying Wang signed the answers to the written questions before a notary and that they were translated into his language and he was

satisfied with his English language responses. This does not comply with Federal Rules of Civil Procedure 30(c), 30(f), and 31(b). Rule 31(b) requires the officer to proceed in the manner provided in Rule 30(c), (e), and (f). Rule 30(c) requires the examination and cross-examination to proceed as they would at trial with the officer or a person acting in the presence and under the direction of the officer recording the witness's testimony. Rule 30(f) requires the officer before whom the deposition is taken to certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony and the certificate of the officer must accompany the record of the deposition. In the present matter, the officer did not provide the certification required by Rule 30(f) and it appears that Defendant Ying Hui Wang allegedly answered the written questions outside the presence of the officer or a person acting in the presence and under the direction of the officer in violation of Rule 30(c).")

Best regards,

**Scott M. Tschirhart**

**Partner**

A Professional Corporation

2500 W. William Cannon Drive, Suite 609

Austin, Texas 78745

Phone: (512) 279-6431

Fax: (512) 279-6438

Email: **smtschirhart@rampagelaw.com**

**Rampagelaw.com**

ATTENTION: Please make note of my new Email Address:  smtschirhart@rampagelaw.com

**CONFIDENTIALITY NOTICE**

**This transmission is intended for the individual or entity to which it is addressed, and may be information that is PRIVILEGED & CONFIDENTIAL.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited.  If you have received this communication in error, please notify us immediately by replying to the message and deleting if from your computer.  Thank you.**

**From:** Wally Hilke <hilke@loevy.com>
**Sent:** Tuesday, November 29, 2022 1:52 PM
**To:** Scott Tschirhart <SMTschirhart@rampagelaw.com>
**Cc:** Christy Burke <cburke@rampagelaw.com>; alumbley@tlc-texas.com; Quinn Rallins <rallins@loevy.com>;

12/5/22, 6:19 PM                    Loevy & Loevy Mail RE: Mimbela subpoena response--Effort to confer.

Case 3:15-cv-00386-DCG   Document 292   Filed 12/06/22   Page 7 of 19

Russell Ainsworth <russell@loevy.com>; Lowell Denton <lfdenton@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kelly R. Albin <kralbin@rampagelaw.com>; Adolfo Ruiz <aruiz@rampagelaw.com>; Robert L. Drinkard <rldrinkard@rampagelaw.com>; Valerie Q. Elizondo <vqelizondo@rampagelaw.com>; Jolene Antonia Valdez <javaldez@rampagelaw.com>; Darnell, Jim (jdarnell@jdarnell.com) <jdarnell@jdarnell.com>; Darnell, Jeep (jedarnell@jdarnell.com) <jedarnell@jdarnell.com>; JAMES A. MARTINEZ <MARTINEZ@mgmsg.com>; Almanzan, Andres E. (almanzan@mgmsg.com) <almanzan@mgmsg.com>; Brittain, Eric M. (brittain@windlehood.com) <brittain@windlehood.com>; Green, Carl H. (green@mgmsg.com) <green@mgmsg.com>; Ethan Woodward <ethan@loevy.com>; Meredith Westbrook <mwestbrook@rampagelaw.com>
**Subject:** Re: Mimbela subpoena response--Effort to confer.

Scott,

Thank you for the email. I don't think that the motion you describe is necessary. Plaintiff has already agreed that Oseguda's deposition can be taken if our motion to quash is denied, and our motion to quash is pending. Filing a further motion - where our response will invoke the pending motion to quash - will not resolve the issue more quickly.

That said, we do oppose you seeking judicial permission to take the deposition because we think the propriety of Oseguda's deposition depends on the resolution of our motion to quash. Please include this correspondence with any motion you file with the Court.

Also - we haven't received an answer from your office on whether you are seeking more relief on your motion at Dkt 264 specifically. Advising the Court that Dkt 264 is moot could help expedite resolution of the remaining disputed issues.

Thank you,

Wally

On Tue, Nov 29, 2022 at 1:29 PM Scott Tschirhart <SMTschirhart@rampagelaw.com> wrote:

> Good afternoon Wally,
>
> I do not think we need to confer further. You wrote: "We are happy to confer further, but you will need consent or judicial permission to conduct his deposition outside of fact discovery."
>
> Please let us know if you will oppose our seeking judicial permission to conduct Oseguda's deposition as scheduled as I would like to file the motion today.
>
> Best regards,

12/5/22, 6:19 PM

Case 3:15-cv-00386-DCG Document 292 Filed 12/06/22 Page 8 of 19

Loevy & Loevy Mail - RE: Mimbela subpoena response--Effort to confer.

**Scott M. Tschirhart**

**Partner**

A Professional Corporation

2500 W. William Cannon Drive, Suite 609

Austin, Texas 78745

Phone: (512) 279-6431

Fax: (512) 279-6438

Email: smtschirhart@rampagelaw.com

**Rampagelaw.com**

ATTENTION: Please make note of my new Email Address: smtschirhart@rampagelaw.com

**CONFIDENTIALITY NOTICE**

**This transmission is intended for the individual or entity to which it is addressed, and may be information that is PRIVILEGED & CONFIDENTIAL.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited.  If you have received this communication in error, please notify us immediately by replying to the message and deleting if from your computer.  Thank you.**

---

**From:** Wally Hilke <hilke@loevy.com>
**Sent:** Monday, November 28, 2022 11:48 AM
**To:** Scott Tschirhart <SMTschirhart@rampagelaw.com>
**Cc:** Christy Burke <cburke@rampagelaw.com>; alumbley@tlc-texas.com; Quinn Rallins <rallins@loevy.com>; Russell Ainsworth <russell@loevy.com>; Lowell Denton <lfdenton@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kelly R. Albin <kralbin@rampagelaw.com>; Adolfo Ruiz <aruiz@rampagelaw.com>; Robert L. Drinkard <rldrinkard@rampagelaw.com>; Valerie Q. Elizondo <vqelizondo@rampagelaw.com>; Jolene Antonia Valdez <javaldez@rampagelaw.com>; Darnell, Jim (jdarnell@jdarnell.com) <jdarnell@jdarnell.com>; Darnell, Jeep (jedarnell@jdarnell.com) <jedarnell@jdarnell.com>; JAMES A. MARTINEZ <MARTINEZ@mgmsg.com>; Almanzan, Andres E. (almanzan@mgmsg.com) <almanzan@mgmsg.com>; Brittain, Eric M. (brittain@windlehood.com) <brittain@windlehood.com>; Green, Carl H. (green@mgmsg.com) <green@mgmsg.com>; Ethan Woodward <ethan@loevy.com>; Meredith Westbrook <mwestbrook@rampagelaw.com>
**Subject:** Re: Mimbela subpoena response--Effort to confer.

Scott - thank you for the clarifications.

One question: RE #2, are you seeking further relief on the motion at Dkt 264, specifically? I've attached it for reference. That motion seeks to compel Mimbela to provide written answers to written deposition questions. But he has now done so. I understand that your other motions at Dkt 252, 257, 270, 271, and your surreply/supplement at 277, are all still pending. But if the motion at 264 is now moot, saying so will help the Court expedite resolution of the outstanding issues.

On #3 - our position has been, and remains, that we'll consent to a post-fact-discovery deposition of Oceguda if our motion to quash is denied, but not otherwise. We are happy to confer further, but you will need consent or judicial permission to conduct his deposition outside of fact discovery. And although we've noted it before, I'll note that we disagree on the necessity of postponing Plaintiff or Mr. Mimbela's depositions based on the timing of the pending discovery motions.

If you can clarify whether you are seeking further relief on Dkt 264 specifically, that will help us with our response. We plan to file that response tonight. Thank you for your responsiveness.

Wally

On Mon, Nov 28, 2022 at 11:22 AM Scott Tschirhart <SMTschirhart@rampagelaw.com> wrote:

> Good morning Wally,
>
> I'll take up the issues in the order presented.  Please let me know if I miss any.  For clarification, I put your questions and comments in bold.
>
> **We expect to tell the Court that we don't oppose expediting resolution of the disputed issues, as we share your desire to efficiently and quickly resolve the remaining discovery issues.**
>
> Very good.  Thank you.
>
> **1. Does the City believe we are at impasse regarding any other document discovery issues and does the City intend to seek any further relief beyond the now-pending motions? We asked you to clarify last Tuesday morning but received no response. We think it's fair for the City to clarify whether it will file more motions on the same documents.**
>
> The City does not anticipate filing additional motions on the same documents.  But we really do not know what the "same documents" means at this point because of the disparity between the different privilege logs.  However, this issue must be resolved prior to taking Plaintiff and Mimbela's depositions.  We need those communications to properly prepare for both depositions.
>
> **2. Since the City previously agreed that John Mimbela's written responses to the City's deposition questions would moot their motion at Dkt 264, and Mr. Mimbela has provided those responses, what is the purpose of asking the Court to "expedite" ruling on that motion? We asked you on November 18 to clarify what further relief you believed to be outstanding, but received no response.**

Mimbela has not provided the documents requested in subpoena. See our Motions to Compel and supplements thereto for the relief to which we believe our client is entitled. The fact that he has now signed the document does not resolve the issues. We need the documents we requested in order to prepare for Plaintiff's and Mimbela's depositions.

**3. Which of the following dates would the City like to conduct Mr. Mimbela's deposition? We asked yon on November 16 which of the parties' agreed-on dates you wanted for his deposition, but received no response. Proceeding on one of those dates would be consistent with the parties' agreement for limited post-fact-discovery depositions. If the City is rejecting that agreement, please let us know immediately so we can determine the appropriate next steps.**

**•        Monday December 5 (the City, without judicial permission or consent, noticed George Havlovic for a post-fact-discovery deposition on that date, but that notice is a nullity because it was made without any authority to do so)**

We need to have Mimbela's communications with Plaintiff and we need the portions of Joe Spencer's files and other documents pursuant to our Motions to Compel and supplements thereto before we could possibly be prepared to take Mimbela's deposition. Even if you gave those documents to us today, we could not possibly take Mimbela's deposition on December 5.

**•        Tuesday December 13 (currently scheduled for Pete Oceguda, but that deposition will not proceed unless Plaintiff's motion to quash is denied, and we would agree to swap with another date previously agreed upon)**

Though you have a motion to quash on file, it has not been granted. Unless or until such a motion is granted, Ocegueda has been properly and timely disclosed as a witness and he will be deposed on December 13 as scheduled.

**If the City would like to depose Mr. Mimbela on Monday 12/5, please let us know today so we have sufficient time to coordinate and prepare.**

See our response above. We need documents that Mimbela has not produced in order to depose him.   There is insuffient time to prepare at this juncture even if you produced all of those documents today.

Please let me know if I have missed any of your questions.

Best regards,

12/5/22, 6:19 PM    Loevy & Loevy Mail - Re: Mimbela subpoena response--Effort to confer.

Case 3:15-cv-00386-DCG   Document 292-1   Filed 12/06/22   Page 11 of 19

**Scott M. Tschirhart**

**Partner**

A Professional Corporation

2500 W. William Cannon Drive, Suite 609

Austin, Texas 78745

Phone: (512) 279-6431

Fax: (512) 279-6438

Email: smtschirhart@rampagelaw.com

**Rampagelaw.com**

ATTENTION: Please make note of my new Email Address: smtschirhart@rampagelaw.com

CONFIDENTIALITY NOTICE

**This transmission is intended for the individual or entity to which it is addressed, and may be information that is PRIVILEGED & CONFIDENTIAL. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting if from your computer. Thank you.**

**From:** Wally Hilke <hilke@loevy.com>
**Sent:** Monday, November 28, 2022 7:46 AM
**To:** Scott Tschirhart <SMTschirhart@rampagelaw.com>
**Cc:** Christy Burke <ceburke@rampagelaw.com>; alumbley@tlc-texas.com; Quinn Rallins <rallins@loevy.com>; Russell Ainsworth <russell@loevy.com>; Lowell Denton <lfdenton@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kelly R. Albin <kralbin@rampagelaw.com>; Adolfo Ruiz <aruiz@rampagelaw.com>; Robert L. Drinkard <rldrinkard@rampagelaw.com>; Valerie Q. Elizondo <vqelizondo@rampagelaw.com>; Jolene Antonia Valdez <javaldez@rampagelaw.com>; Darnell, Jim (jdarnell@jdarnell.com) <jdarnell@jdarnell.com>; Darnell, Jeep (jedarnell@jdarnell.com) <jedarnell@jdarnell.com>; JAMES A. MARTINEZ <MARTINEZ@mgmsg.com>; Almanzan, Andres E. (almanzan@mgmsg.com) <almanzan@mgmsg.com>; Brittain, Eric M. (brittain@windlehood.com) <brittain@windlehood.com>; Green, Carl H. (green@mgmsg.com) <green@mgmsg.com>; Ethan Woodward <ethan@loevy.com>
**Subject:** Re: Mimbela subpoena response--Effort to confer.

Scott,

Good morning. Our response to your motion to expedite is due tomorrow. We expect to tell the Court that we don't oppose expediting resolution of the disputed issues, as we share your desire to efficiently and quickly resolve the remaining discovery issues.

Over the past two weeks, we've asked several clarification questions to the City in an attempt to resolve and narrow our disputes, but we've received no response to them. I'm following up on them below. By the end of the day today, could you respond or let us know if you won't be answering these questions so we can incorporate into our response to your motion?

1. Does the City believe we are at impasse regarding any other document discovery issues and does the City intend to seek any further relief beyond the now-pending motions? We asked you to clarify last Tuesday morning but received no response. We think it's fair for the City to clarify whether it will file more motions on the same documents.

2. Since the City previously agreed that John Mimbela's written responses to the City's deposition questions would moot their motion at Dkt 264, and Mr. Mimbela has provided those responses, what is the purpose of asking the Court to "expedite" ruling on that motion? We asked you on November 18 to clarify what further relief you believed to be outstanding, but received no response.

3. Which of the following dates would the City like to conduct Mr. Mimbela's deposition? We asked yon on November 16 which of the parties' agreed-on dates you wanted for his deposition, but received no response. Proceeding on one of those dates would be consistent with the parties' agreement for limited post-fact-discovery depositions. If the City is rejecting that agreement, please let us know immediately so we can determine the appropriate next steps.

- Monday December 5 (the City, without judicial permission or consent, noticed George Havlovic for a post-fact-discovery deposition on that date, but that notice is a nullity because it was made without any authority to do so)
- Tuesday December 13 (currently scheduled for Pete Oceguda, but that deposition will not proceed unless Plaintiff's motion to quash is denied, and we would agree to swap with another date previously agreed upon)

If the City would like to depose Mr. Mimbela on Monday 12/5, please let us know today so we have sufficient time to coordinate and prepare.

Sincerely,

Wally

On Wed, Nov 23, 2022 at 8:52 AM Wally Hilke <hilke@loevy.com> wrote:

Thank you for the update, Scott. To clarify, I meant that we were still awaiting your "update," not that you had committed to send us the documents on Monday. Thank you for clarifying and for confirming that your office has identified the communications and will produce them. Have a happy Thanksgiving.

On Wed, Nov 23, 2022 at 8:47 AM Scott Tschirhart <SMTschirhart@rampagelaw.com> wrote:

Good morning Wally,

With regard to the issue you raised: "Finally, we never received your update on the communications from the City and its lawyers to the witnesses you identified, which you told us you would send us yesterday. Can you advise?"

12/5/22, 6:19 PM
Case 3:15-cv-00386-DCG Document 292-1 Filed 12/06/22 Page 13 of 19
Loevy & Loevy Mail - RE: Mumbala subpoena Response Effort agreed

I did not represent when I would produce those communications.  Instead, I asked (in an email below) which RFP you were referring to.  And I told you on the phone that I did not know the status of those communications, but that I would check.


Update.  I have examined those communications and they are being bates labeled by our staff.   I intend to produce them as soon as I have the bates labeled documents in my possession…..hopefully later today.


Best regards,


**Scott M. Tschirhart**

**Partner**



A Professional Corporation

2500 W. William Cannon Drive, Suite 609

Austin, Texas 78745

Phone: (512) 279-6431

Fax: (512) 279-6438

Email: smtschirhart@rampagelaw.com

**Rampagelaw.com**


ATTENTION: Please make note of my new Email Address:  smtschirhart@rampagelaw.com

**CONFIDENTIALITY NOTICE**

**This transmission is intended for the individual or entity to which it is addressed, and may be information that is PRIVILEGED & CONFIDENTIAL.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited.  If you have received this communication in error, please notify us immediately by replying to the message and deleting if from your computer.  Thank you.**

**From:** Wally Hilke <hilke@loevy.com>
**Sent:** Tuesday, November 22, 2022 10:23 AM
**To:** Scott Tschirhart <SMTschirhart@rampagelaw.com>
**Cc:** Christy Burke <ceburke@rampagelaw.com>; alumbley@tlc-texas.com; Quinn Rallins <rallins@loevy.com>; Russell Ainsworth <russell@loevy.com>; Lowell Denton <lfdenton@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kelly R. Albin <kralbin@rampagelaw.com>; Adolfo Ruiz <aruiz@rampagelaw.com>; Robert L. Drinkard <rldrinkard@rampagelaw.com>; Valerie Q. Elizondo <vqelizondo@rampagelaw.com>; Jolene Antonia Valdez <javaldez@rampagelaw.com>; Darnell, Jim (jdarnell@jdarnell.com) <jdarnell@jdarnell.com>;

Darnell, Jeep (jedarnell@jdarnell.com) <jedarnell@jdarnell.com>; JAMES A. MARTINEZ
<MARTINEZ@mgmsg.com>; Almanzan, Andres E. (almanzan@mgmsg.com)
<almanzan@mgmsg.com>; Brittain, Eric M. (brittain@windlehood.com) <brittain@windlehood.com>;
Green, Carl H. (green@mgmsg.com) <green@mgmsg.com>; Ethan Woodward <ethan@loevy.com>
**Subject:** Re: Mimbela subpoena response--Effort to confer.

Scott,

I do not agree that we are at impasse because you have not told us what you need from us to cure our
dispute. Also, you have already filed multiple motions on these topics. It is not clear to me what
additional relief you seek. Can you clarify what additional relief you intend to ask for?

I first need to know what relief you will seek so I can determine if we can cure or compromise.

I would ask that you give me the chance to cure before filing a motion on something we may not
disagree on, and, if you can advise on that in the next few hours, I can commit to letting you know
either way today.

Finally, we never received your update on the communications from the City and its lawyers to the
witnesses you identified, which you told us you would send us yesterday. Can you advise?

We won't agree to an expedited hearing on issues that you have failed to confer with us on before
raising, so we request the above information before we will consider agreeing to an expedited hearing.

Thank you,

Wally

On Tue, Nov 22, 2022, 10:35 AM Scott Tschirhart <SMTschirhart@rampagelaw.com> wrote:

> Good morning Wally,
>
> I believe that the communications below show that we are at an impasse.
> Please let me know if you object to our asking the Court for an expedited hearing
> on the pending Motions to Compel so that we can get whatever documents the
> Court sees fit to order prior to Plaintiff's and Mimbela's depositions.
>
> We can also take up our request for additional time for each of those depositions.
>
> Please let us know if you are opposed as we intend to file a motion this
> afternoon.

12/5/22, 6:19 PM                 Loevy & Loevy Mail - Re: Mimbela subpoena response--Effort to confer.

Case 3:15-cv-00386-DCG   Document 292-1   Filed 12/06/22   Page 15 of 19

Best regards,


**Scott M. Tschirhart**

**Partner**


A Professional Corporation

2500 W. William Cannon Drive, Suite 609

Austin, Texas 78745

Phone: (512) 279-6431

Fax: (512) 279-6438

Email: **smtschirhart@rampagelaw.com**

**Rampagelaw.com**


ATTENTION: Please make note of my new Email Address:  smtschirhart@rampagelaw.com

**CONFIDENTIALITY NOTICE**

**This transmission is intended for the individual or entity to which it is addressed, and may be information that is PRIVILEGED & CONFIDENTIAL.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited.  If you have received this communication in error, please notify us immediately by replying to the message and deleting if from your computer.  Thank you.**

---

**From:** Wally Hilke <hilke@loevy.com>
**Sent:** Monday, November 21, 2022 4:47 PM
**To:** Scott Tschirhart <SMTschirhart@rampagelaw.com>
**Cc:** Christy Burke <ceburke@rampagelaw.com>; alumbley@tlc-texas.com; Quinn Rallins <rallins@loevy.com>; Russell Ainsworth <russell@loevy.com>; Lowell Denton <lfdenton@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kelly R. Albin <kralbin@rampagelaw.com>; Adolfo Ruiz <aruiz@rampagelaw.com>; Robert L. Drinkard <rldrinkard@rampagelaw.com>; Valerie Q. Elizondo <vqelizondo@rampagelaw.com>; Jolene Antonia Valdez <javaldez@rampagelaw.com>; Darnell, Jim (jdarnell@jdarnell.com) <jdarnell@jdarnell.com>; Darnell, Jeep (jedarnell@jdarnell.com) <jedarnell@jdarnell.com>; JAMES A. MARTINEZ <MARTINEZ@mgmsg.com>; Almanzan, Andres E. (almanzan@mgmsg.com) <almanzan@mgmsg.com>; Brittain, Eric M. (brittain@windlehood.com) <brittain@windlehood.com>; Green, Carl H. <green@mgmsg.com> <green@mgmsg.com>; Ethan Woodward <ethan@loevy.com>
**Subject:** Re: Mimbela subpoena response--Effort to confer.


Scott,


1. That refers to our first RFP to the City, specifically RFP #15:

12/5/22, 6:19 PM
Gary & Lou Wach Re: Mimbela subpoena response Efron rogue
Case 3:15-cv-00386-DCG Document 292-1 Filed 12/06/22 Page 16 of 19

15. All Documents containing, constituting, or memorializing Communications that refer or relate to the Lazo/England Murder Investigation and/or Plaintiff's alleged involvement in the crime. This Request includes but is not limited to all Communications (a) between any of the Defendants or their employees or agents and Plaintiff; (b) among any of the current or former Defendants in this action or their employees and agents; (c) between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; (d) between any Defendants or their employees or agents with any witnesses or suspects, including and (e) with the El Paso District Attorney's Office.

That request includes all communications between the City's agents (including your office) and any witnesses, employees, members of the District Attorney's Office, and other categories above. In other words, at a minimum, the City should produce every communication its attorneys have had with any witness on your witness list, in addition to the above categories.

2.

We don't agree that the City has been specific in its objections. Your letter to us cited four specific documents. We asked you to clarify what other documents you objected to, and the City declined to do that. If there are other documents you want to raise this issue about, the City should identify them. I will note that we have asked you for more detail on what would constitute "sufficient information" to determine privilege and your office has declined to clarify further.

3.

We understand your questions but renew our request for clarification as to why the issue about the "number of letters" or the number of pages of the letters is relevant. The privilege question is already at issue before the Court.

4.

You misunderstood our position. You have stated that there must be letters from Mr. Mimbela to Mr. Villegas, sent when Mr. Villegas was in prison, that have been withheld from production. What I have said is that neither Mr. Mimbela nor Mr. Villegas possess such letters. They are not being withheld.

Wally

On Mon, Nov 21, 2022 at 1:22 PM Scott Tschirhart <SMTschirhart@rampagelaw.com> wrote:

Wally,

1. With regard to your first issue.   Please specify, which RFP are you referring to?

2. With regard to your second issue.  That is our understanding as well.  We have raised the issue with regard to specific documents, such as communications between Mimbela and third parties who are not lawyers, including witnesses and an investigator.  We have also raised this with regard to communications from Prosecutor Butterworth which simply cannot be privileged in any way.   We simply do not have sufficient information to make a determination if most of the documents could be privileged because the descriptions do not give us sufficient information.  We believe that the only way to test this is for the Court to examine these documents in-camera.

3. With regard to your third issue.   We contend that none of the communications between Plaintiff and Mimbela are privileged in any way.   We do not understand why there should be discrepancies between the numbers of letters on each privilege log, nor do we understand why letters that are represented to have been dated on the same dates do not match up in the number of pages of the letters.   We believe that these too must be submitted to the Court for in-camera examination.

4. We disagree with your fourth issue.  We believe that the letters from Mimbela to Plaintiff have been requested.   We think you put these in issue by responding that you were withholding the letters from Plaintiff to Mimbela.  If the letters from Plaintiff to Mimbela are responsive, then the letters from Mimbela to Plaintiff are equally responsive.

We believe that the following RFPs to Plaintiff include all letters or other communications from John Mimbela:

REQUEST NO. 1: Please produce **any and all documents**, transcripts, photos, video recordings, audio recordings that you have in your possession **relating to the investigation done by John Mimbela.**

REQUEST NO. 2: Please produce **any and all documents**, transcripts, photos, video recordings, and audio recordings that **John Mimbela provided to you or your attorneys, directly or indirectly.**

The definition of documents clearly encompasses all letters sent from John Mimbela to Plaintiff.

A. Document. The term "document" shall encompass the meaning of documents, electronically stored information or tangible things within the scope of Fed. R. Civ. P. 34. This shall include, but not limited to, all writings of every kind, source and authorship, both originals and non-identical copies, in your possession, custody, or control, or known by you to exist, irrespective whether

the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government, agency, department, administrative, or private entity or person. The terms shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications and words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer (personal or business) or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

If any document requested to be identified was, but is no longer in your possession or control or is no longer in existence, state whether it is missing or lost, destroyed, transferred voluntarily or involuntarily to others, and if so, to whom, or otherwise disposed of; and in each instance, explain the circumstances surrounding an authorization of such disposition thereof, and state the approximate date thereof and describe the contents of the document.

The subpoena to John Mimbela clearly encompasses all letters and other communications that John Mimbela sent to Plaintiff.

1. **Any and all documents**, transcripts, **emails, correspondence**, photos, video recordings,

audio recordings, you have in your possession that was **provided to you by Daniel Villegas**,

Yolanda Villegas, or Priciliano Villegas (Father) **and any and all such materials you provided to**

**Daniel Villegas**, Yolanda Villegas, or Priciliano Villegas (Father) at any time after January 1,

1995.

We know from Plaintiff's prison conversations with Mimbela that Mimbela sent letters to Plaintiff.  None of these letters have been produced.  Therefore, we do not believe that Plaintiff and Mimbela have complied with their obligations to produce Mimbela's communications to Plaintiff.

Best regards,

**Scott M. Tschirhart**

**Partner**

A Professional Corporation

12/5/22, 6:19 PM
Case 3:15-cv-00386-DCG   Document 292-1   Filed 12/06/22   Page 19 of 19
Loevy & Loevy Mail: RE: Mumbela subpoena responses/Efforts to confer

2500 W. William Cannon Drive, Suite 609

Austin, Texas 78745

Phone: (512) 279-6431

Fax: (512) 279-6438

Email: smtschirhart@rampagelaw.com

**Rampagelaw.com**


ATTENTION: Please make note of my new Email Address:  smtschirhart@rampagelaw.com

**CONFIDENTIALITY NOTICE**

**This transmission is intended for the individual or entity to which it is addressed, and may be information that is PRIVILEGED & CONFIDENTIAL.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited.  If you have received this communication in error, please notify us immediately by replying to the message and deleting if from your computer.  Thank you.**

---

**From:** Wally Hilke <hilke@loevy.com>
**Sent:** Monday, November 21, 2022 12:39 PM
**To:** Scott Tschirhart <SMTschirhart@rampagelaw.com>
**Cc:** Christy Burke <ceburke@rampagelaw.com>; alumbley@tlc-texas.com; Quinn Rallins <rallins@loevy.com>; Russell Ainsworth <russell@loevy.com>; Lowell Denton <lfdenton@rampagelaw.com>; Ric J. Navarro <rjnavarro@rampagelaw.com>; Kelly R. Albin <kralbin@rampagelaw.com>; Adolfo Ruiz <aruiz@rampagelaw.com>; Robert L. Drinkard <rldrinkard@rampagelaw.com>; Valerie Q. Elizondo <vqelizondo@rampagelaw.com>; Jolene Antonia Valdez <javaldez@rampagelaw.com>; Darnell, Jim (jdarnell@jdarnell.com) <jdarnell@jdarnell.com>; Darnell, Jeep (jedarnell@jdarnell.com) <jedarnell@jdarnell.com>; JAME

 **image001.jpg**
8K