**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DANIEL VILLEGAS,** | § | |
| | § | |
| v. | § | Cause No. EP-15-cv-00386-DCG |
| | § | |
| **CITY OF EL PASO, et al.** | § | |

___

**DEFENDANT CITY OF EL PASOS' FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION**
___

TO: DANIEL VILLEGAS, Plaintiff, by and through his attorneys of record, Russell Ainsworth, Jon Loevy, Quinn Rallins, and Wally Hilke, Loevy & Loevy, 311 N. Aberdeen Street, Third Floor, Chicago Illinois 60607 AND Felix Valenzuela, Valenzuela Law Firm, 221 N. Kansas Street, Ste. 1220, El Paso, Teas 79901

Now comes CITY OF EL PASO, TEXAS ("City") in the above styled and numbered cause of action, through its attorneys of record, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, submits these First Supplemental Responses to Plaintiff's Second Requests for Production.

**Exhibit 1**

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
(210) 227-3243
(210) 225-4481 (Fax)
lfdenton@rampagelaw.com
smtschirhart@rampagelaw.com

By: _____
LOWELL F. DENTON
State Bar No. 05764700
SCOTT M. TSCHIRHART
State Bar No. 24013655

RICARDO J. NAVARRO
State Bar No. 14829100
DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)
rjnavarro@rampagelaw.com

RAMIRO CANALES
State Bar No. 24012377
DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2500 W. William Cannon, Suite 609
Austin, Texas 78745-5320
512/279-6431
512/279-6438 (fax)
rcanales@rampagelaw.com

EVAN D. REED
State Bar No. 24093018
300 N. Campbell
El Paso, Texas 79901
(915) 212-0033
(915) 212-0034 (Fax)
ReedED@elpasotexas.gov

**Exhibit 1**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) as indicated, and according to the Federal Rules of Civil Procedure on the 7th day of June 2022.

Felix Valenzuela
Valenzuela Law Firm
221 N. Kansas Street, Ste. 1200
El Paso, Texas 79901

Sam Heppell
Jon Loevy
Russell Ainsworth
Quin Rallins
LOEVY & LOEVY
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607

Eric M. Brittan
WINDLE, HOOD, NORTON, BRITTAIN
  & JAY, LLP
Chase Tower, Suite 1350
201 East Main Drive
El Paso, Texas 79901

Jim Darnell
Jeep Darnell
JIM DARNELL, P.C.
310 N. Mesa, Suite 212
El Paso, Texas 79901

James A. Martinez
JAMES A. MARTINEZ, P.L.L.C.
7170 Westwind Drive, Suite 201
El Paso, Texas 79912

**Exhibit 1**

Carl Green
Andres E. Almanzan
MOUNCE, GREEN, MYERS, SAFI,
 PAXSON & GALATZAN
P.O. Box Drawer 1977
El Paso, Texas 79999-1977

_____
SCOTT M. TSCHIRHART

## CONFIDENTIALITY AND PROTECTIVE ORDER

The Parties have entered into a Confidentiality and Protective Order regarding the disclosure of information, documents, photographs, videos and audios and things obtained through Defendants' responses to Plaintiff's discovery requests and depositions. The City will provide notification of all materials that are designated confidential in a separate communication.

## OBJECTION AS TO SCOPE

The City objects to Plaintiff's requests for documents and evidence that does not concern prior incidents of police misconduct that are substantially similar to the conduct alleged in the investigation and prosecution of Daniel Villegas. City independently asserts this objection for each of the requests below. Plaintiff's burden of proof under *Monell v. Department of Social Services,* 98 S.Ct. 2018, 2037-38, 436 U.S. 658, 56 L.Ed. 2d 611 (1978) defines and limits the relevant evidence in discovery. Unrelated and dissimilar misconduct is not relevant. Conduct or misconduct after the causal time-period leading to the conviction of Daniel Villegas is not relevant. The City had no control, and no causal role in any further or future actions or decisions taken against, or that affected or injured Daniel Villegas after the date of his conviction. There could not be a "policy, custom, or practice" of the City based on information not known to the City until after the indictment of Daniel Villegas, or other steps in the prosecution and post-conviction proceedings. Conduct after the causal time period for the conviction of Daniel Villegas is not relevant. In addition, such documents are not likely to lead to the discovery of relevant evidence.

1. All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer ever received from the El Police Department at anytime between 1988-1993 and 2010-2015.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter-definitions.

**OBJECTION:** City objects to the extent to material that is not in the City's possession, custody or control per FED. R. CIV. P. 34, or do not exist if the documents were destroyed under any relevant records retention policy.

**RESPONSE:**

The City will produce all such documents in its possession or control on or before the agreed deadline(s) set forth in the agreements by and between counsel.

**Exhibit 1**

**SUPPLEMENTAL RESPONSE:**

See documents produced on March 24, 2022 and April 20, 2022, Bates Nos. [DEF CITY 0020874-00043548; 0053188-0053204].  See also attached documents, Bates Nos. [DEF CITY 0059586-0059628].

2. A complete copy of any policies or procedures relating to the discipline of El Paso police officers or to disciplinary proceedings that were in force at any time between 1988-1993 and 2010-2015.

**OBJECTION:**  City objects to the extent to material that is not in the City's possession, custody or control per FED. R. CIV. P. 34, or do not exist if the documents were destroyed under any relevant records retention policy.

**RESPONSE:**

The City will produce all such documents in its possession or control on or before the agreed deadline(s) set forth in the agreements by and between counsel.

**SUPPLEMENTAL RESPONSE:**

See documents produced on March 24, 2022 and April 20, 2022, Bates Nos. [DEF CITY 0020874-00043548; 0053188-0053204].  See also attached documents, Bates Nos. [DEF CITY 0059586-0059628].

3. All Documents relating to any written policy or procedure of the City of El Paso or the El Paso Policy Department in force at any point between 1988-1993 and 2010-2015 regarding any of the following subjects:

    a. documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded, and filing, retaining, storing, or destroying police investigative material, including witness statements, reports, and notes, during the course of an investigation;

    b. conducting, documenting, or memorializing photo or in-person lineups, show-ups, clothing line-ups, or any other type of identification procedures, including for adults and juveniles;

    c. conducting, documenting, memorializing or recording interviews, questioning, or interrogations of witnesses, including of juvenile witnesses;

    d. using incentivized accusers and/or jailhouse informants in criminal investigations;

    e. disclosing exculpatory evidence to suspects, criminal defendants, or prosecutors, including through the subpoena response unit;

Exhibit 1

    f.    providing, qualifying for, authorizing, and/or documenting overtime hours and/or overtime compensation, including for detectives.

    g.    reporting, investigating, identifying, tracking, or reviewing rates by which detectives clear or close investigations, including homicide investigations;

    h.    reporting, investigating, identifying, tracking, or reviewing allegations of officer misconduct, and/or,

    i.    disciplining or supervising police officers who engage in misconduct.

**OBJECTION:** City objects to the extent to material that is not in the City's possession, custody or control per FED. R. CIV. P. 34, or do not exist if the documents were destroyed under any relevant records retention policy.

**RESPONSE:** The City will produce all such documents in its possession or control on or before the agreed deadline(s) set forth in the agreements by and between counsel.

**SUPPLEMENTAL RESPONSE:**

See documents produced on March 24, 2022 and April 20, 2022, Bates Nos. [DEF CITY 0020874-00043548; 0053188-0053204].  See also attached documents, Bates Nos. [DEF CITY 0059586-0059628].

4.     All Documents identifying any policymaker who was responsible for or had final policymaking authority for any policy or procedure of the El Paso Police Department between 1988-1993 and 2010-2015 on any of the subjects identified in Request for Production No. 3, above, as well as all Documents relating to any effort of those policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any such policy or procedure.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter-definitions.

**OBJECTION:** City objects to the extent to material that is not in the City's possession, custody or control per FED. R. CIV. P. 34, or do not exist if the documents were destroyed under any relevant records retention policy.

**RESPONSE:** The City will produce all such documents in its possession or control on or before the agreed deadline(s) set forth in the agreements by and between counsel.

**Exhibit 1**

**SUPPLEMENTAL RESPONSE:**

See documents produced on March 24, 2022, Bates Nos. [DEF CITY 0044263-0044276].

5. All Documents relating to any change made to any policy or procedure on any of the subjects identified in Request for Production No. 3, above, between 1988-1993 and 2010-2015.

If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also make a good faith effort to specifically identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C). Should you object to any definition of any term used by Plaintiff as vague or ambiguous, please clarify the scope of available documents based on your own reasonable interpretation of Plaintiff's request, including providing any counter-definitions.

**OBJECTION:** City objects to the extent to material that is not in the City's possession, custody or control per FED. R. CIV. P. 34, or do not exist if the documents were destroyed under any relevant records retention policy.

**RESPONSE:** The City will produce all such documents in its possession or control on or before the agreed deadline(s) set forth in the agreements by and between counsel.

**SUPPLEMENTAL RESPONSE:**

See documents produced on March 24, 2022 and April 20, 2022, Bates Nos. [DEF CITY 0020874-00043548; 0053188-0053204]. See also attached documents, Bates Nos. [DEF CITY 0059586-0059628].

6. All Documents relating to any training that any Individual Defendant received in connection with his employment, including but not limited to training, on any of the subjects identified in Request for Production No. 3, above.

**OBJECTION:** City objects to the extent to material that is not in the City's possession, custody or control per FED. R. CIV. P. 34, or do not exist if the documents were destroyed under any relevant records retention policy.

**RESPONSE:** The City will produce all such documents in its possession or control on or before the agreed deadline(s) set forth in the agreements by and between counsel.

**Exhibit 1**

7.  All Documents relating to every instance in which an employee of the El Paso Police Department was subject to any form of discipline for failing to follow policies or procedures on any of the subjects identified in Request for Production No. 3, above, between 1988-1993 and 2010-2015.

**OBJECTION:** City objects to the extent to material that is not in the City's possession, custody or control per FED. R. CIV. P. 34, or do not exist if the documents were destroyed under the relevant records retention policy.

**SECOND OBJECTION:** The City objects to the production of all files for all officers involving aspect of the misconduct alleged in the investigation leading to the prosecution and conviction of Daniel Villegas. The City concedes that the records for the time periods are relevant for the named Defendants, and for the CAP (Crimes Against Persons) division of the El Paso Police Department. But the remaining vast scope of this request should not be allowed by the Court because it is not "relevant to any party's claim or defense and proportional to the needs of the case,…" under Texas Federal Rules of Civil Procedure 26(4)(b)(1). Hundreds or thousands of large files for officers performing different functions in different divisions and assignments, goes beyond the "…importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," and is impermissible. The Court should exercise its discretion to limit this scope of discovery sought because it is unreasonably cumulative or duplicative, or and the burden or expense of the proposed discovery outweighs its likely benefit. These documents for the time period of 1988-1993 are virtually all in hard copy storage. A large percentage of them for 2010-2015 are retained in the same manner. They are not readily accessed or found by indexes, and cannot be selected and produced by the convenience of digital media storage or search tools. Defendant's initial assessment of the number of records and boxes to be opened and reviewed by hand would reasonably take 7,249 hours (1 hour per case for 7,249 cases). Defendant asserts that the scope of requested discovery, beyond the CAP unit or division of the El Paso Police Department fails to meet this standard. The parties continue to seek agreement as required by the Rules, but failing same, the City will seek a Protective Order on the scope of discovery.

**RESPONSE:**

The parties have agreed on the postponement of this response for three weeks, and in the interim the City will produce all available index documents to facilitate a potential agreement on production.

**SUPPLEMENTAL RESPONSE:**

As per the parties' agreement the City agreed to provide to Plaintiff the IA Query Reports for the time periods of 1988 to 1993 and 2010 to 2015 to work towards identifying the "universe" of IA complaints.

- See IA Case Query Reports for 1988-1993, Bates Nos. [DEF CITY 0053638-0054255]
- See IA Case Query Reports for 2010-2015, Bates Nos. [DEF CITY 004748-0049342 and 0059630-0060022]

**Exhibit 1**

The City also produced to Plaintiff the IA Pro Tracking System Fields that was highlighted to reflect the fields the El Paso Police Department uses, see Bates Nos. [DEF CITY 0059586-0059629].

Also, per the parties' agreement the City agreed to produce to Plaintiff the first 50 and last 50 IA files for 1988 and the first 50 and last 50 IA files for 2010. These are provided under the Protective Order and amendment with a claw-back provision for any privileged, prohibited, or other erroneous included information.

- See first 50 IA files for 1988, Bates Nos. [DEF CITY 0044277-0046255]
- See last 50 IA files for 1988, Bates Nos. [DEF CITY 0046256-0048747 and 0060023-0060063]
- See first 50 IA files for 2010, Bates Nos. [DEF CITY 0016899-0020873 and 0060064-0060137]
- See last 50 IA files for 2010, Bates Nos. [DEF CITY 0049343-0053637 and 0054837-0054876]

The parties have also agreed that on June 6, 2022 the City will begin reviewing the IA files for the time period of 1988 to 1993 under the agreed protocol on the below categories. For each file that meets this criteria the City will produce and the file that does not meet the criteria the City will provide a copy of the Personnel Incident Report or equivalent document that initiated the matter. Plaintiff's counsel has been provided the complete index with no gaps for the time period of 2010 to 2015 and will identify what they want the City to produced based on the same below categories.

- False arrest
- Custodial interrogation
- Interrogations/interviews within El Paso PD/in police buildings
- Excessive force during interview/interrogation
- Coerced statements and confessions
- Perjury
- Juveniles
- Destruction of evidence and failure to preserve evidence
- Withholding of evidence

Plaintiff further requested on April 12, 2022 in an email statistical reports for the time periods of 1988 to 1993 and 2010 to 2015.

- See Bates Nos. [DEF CITY 0054256-0054813]

Plaintiff requested the disciplinary files for the Defendant Officers.

- See Bates Nos. [DEF CITY 0044511-0059585]
- Some of these files were digital and some required manual retrieval. Some file numbers were not located and probably do not exist outside of what has already been produced.

**Exhibit 1**

8.     All Documents related to any Allegation of Misconduct against any El Paso Police Department officer between 1988-1993 and 2010-2015 alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual, voice, or clothing identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. This request specifically seeks but is not limited to Documents showing (a) the date of any Allegation of Misconduct, the type of Allegation of Misconduct, and the result of any investigation or disciplinary proceeding with respect to each such Allegation of Misconduct, and (b) the complete file for each identified Allegation of Misconduct.

**OBJECTION:**  City objects to the extent to material that is not in the City's possession, custody or control per FED. R. CIV. P. 34, or do not exist if the documents were destroyed under the relevant records retention policy.

**SECOND OBJECTION:**  The City objects to the production of all files for all officers involving aspect of the misconduct alleged in the investigation leading to the prosecution and conviction of Daniel Villegas. The City concedes that the records for the time periods are relevant for the named Defendants, and for the CAP (Crimes Against Persons) division of the El Paso Police Department. But the remaining vast scope of this request should not be allowed by the Court because it is not "relevant to any party's claim or defense and proportional to the needs of the case,…" under Texas Federal Rules of Civil Procedure 26(4)(b)(1). Hundreds or thousands of large files for officers performing different functions in different divisions and assignments, goes beyond the "…importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," and is impermissible. The Court should exercise its discretion to limit this scope of discovery sought because it is unreasonably cumulative or duplicative, or and the burden or expense of the proposed discovery outweighs its likely benefit. These documents for the time period of 1988-1993 are virtually all in hard copy storage. A large percentage of them for 2010-2015 are retained in the same manner. They are not readily accessed or found by indexes, and cannot be selected and produced by the convenience of digital media storage or search tools. Defendant's initial assessment of the number of records and boxes to be opened and reviewed by hand would reasonably take 7,249 hours (1 hour per case for 7,249 cases). Defendant asserts that the scope of requested discovery, beyond the CAP unit or division of the El Paso Police Department fails to meet this standard. The parties continue to seek agreement as required by the Rules, but failing same, the City will seek a Protective Order on the scope of discovery.

**RESPONSE:**

The parties have agreed on the postponement of this response for three weeks, and in the interim the City will produce all available index documents to facilitate a potential agreement on production.

**Exhibit 1**

**SUPPLEMENTAL RESPONSE:**

See City's Response to Number 7 above.

**Exhibit 1**