IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, EL PASO DIVISION

| | | |
|---|---|---|
| DANIEL VILLEGAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:15-CV-386 |
| | ) | |
| v. | ) | Hon. David C. Guaderrama, District Judge |
| | ) | |
| CITY OF EL PASO, et al., | ) | Hon. Leon Schydlower, Magistrate Judge |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND AMENDED RESPONSE TO DEFENDANT
CITY OF EL PASO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff Daniel Villegas, by his attorneys Loevy & Loevy, responds as follows to Defendant City of El Paso's First Request for Production of Documents to Plaintiff:

**PRELIMINARY STATEMENT**

Plaintiff's investigation is ongoing as to all matters referenced in the objections and responses below. Plaintiff's objections and responses are based upon, and necessarily limited by, information now reasonably available to Plaintiff. Plaintiff specifically reserves all rights to revise, correct, supplement, modify, or clarify the content of his objections and responses below, in accordance with the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

Plaintiff construes Defendant's instructions to request information and documents within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek information that is already in the possession, custody or control of

1

**Exhibit 6**

Defendant, or that is obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendant.

Plaintiff objects to the requests for production to the extent that they seek information or documents that are protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, the psychotherapist-patient privilege, or any other applicable law, regulation, privilege, immunity, or discovery protection, or that are otherwise protected from disclosure under the Federal Rules ofCivil Procedure and/or Federal Rules of Evidence. In responding to these requests for production, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege. Plaintiff reasonably interprets the instructions and requests to not seek information or documents that are privileged, and therefore outside of the scope of discovery asdefined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A).

Plaintiff objects to the requests for production to the extent that they purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**Exhibit 6**

## SECOND AMENDED RESPONSE

With the service of this second amended response, Plaintiff has produced all documents identified in Plaintiff's most recent privilege log, which were previously not produced on grounds of privilege or work product. Because Plaintiff's privilege log identifies the nature of those documents, Defendants have sufficient information to identify which of the below requests each such document is responsive to. Plaintiff incorporates this response in his responses below.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings that you have in your possession relating to the investigation done by John Mimbela.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "[a]ll documents, transcripts, photos, video recordings, audio recordings" in Plaintiff's possession which are "relating to the investigation done by John Mimbela", without any definition, qualification or limitation as to which investigation, time period, or subject matter. Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have been taken. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, please see Plaintiff's production, including VILLEGAS J.S. 3379-3393, VILLEGAS J.S. 12697-12711, VILLEGAS J.S. 3394-3409, VILLEGAS J.S. 3426-3466, VILLEGAS J.S. 14732-14766, VILLEAGAS J.S. 14748-14766, VILLEGAS J.S. 14788-14809, and VILLEGAS J.S. 19452.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**Exhibit 6**

**REQUEST NO. 2:** Please produce any and all documents, transcripts, photos, video recordings, and audio recordings that John Mimbela provided to you or your attorneys, directly or indirectly.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "[a]ll documents, transcripts, photos, video recordings, audio recordings that John Mimbela provided to" in Plaintiff or his attorneys, without any definition, qualification or limitation as to which investigation, time period, or subject matter. Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have been taken. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff incorporates his Response to Request No. 1.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO.3:** Please produce any and all documents, transcripts, photos, video recordings, and audio recordings that Plaintiff has in his possession.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents, transcripts, photos, video recordings, audio recordings" in Plaintiff's possession, without any definition, qualification or limitation as to which investigation, time period, or subject matter. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**Exhibit 6**

**REQUEST NO. 4:** Please produce any and all documents, transcripts, photos, video recordings, and audio recordings that any of Plaintiff's family members provided to Plaintiff or his attorneys directly.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents, transcripts, photos, video recordings, audio recordings that any of Plaintiff's family members provided to Plaintiff", without any definition, qualification or limitation as to which investigation, time period, subject matter, or definition of "family members". Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have been taken. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 5:** Please produce any and all documents, transcripts, photos, video recordings and audio recordings that Jesse Rodriguez provided to you or your attorneys.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents, transcripts, photos, video recordings, audio recordings" that Jesse Rodriguez provided to Plaintiff or his attorneys, without any definition, qualification or limitation as to which investigation, time period, subject matter, or definition of "family members". Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, please see Plaintiff's production, including VILLEGAS J.S. 1-11.

Investigation continues, and Plaintiff reserves the right to modify or supplement this

**Exhibit 6**

response.

**REQUEST NO. 6:** For 2009 to present, please produce any and all documents that reflect costs, payments, expenses or other expenditures paid to, for, or otherwise involving any witnesses or persons with information relating to your allegations. This includes all costs and payments by John Mimbela, and persons or business entities controlled or owned by him.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents that reflect costs, payments, expenses or other expenditures" that are "paid to, for, or otherwise involving any witnesses or persons with information relating to your allegations ," without any definition, qualification or limitation as to which allegations or the myriad of constitutional rights Defendants have violated, time period, or subject matter. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff directs Defendants to VILLEGAS J.S. 32914–33008.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 7:** Please produce any and all documents, transcripts, photos, video recordings, and audio recordings provided by or from the file of Jaime Olivas that you have in your possession or provided to your attorneys.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents, transcripts, photos, video recordings, audio recordings" from the file of Jaime Olivas, without any definition, qualification or limitation as to which file, time period, or subject matter. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

Investigation continues, and Plaintiff reserves the right to modify or supplement this

**Exhibit 6**

response.

**REQUEST NO. 8:** Please produce any and all documents, transcripts, photos, video recordings, and audio recordings provided by or from the file of John Gates that you have in your possession or provided to your attorneys.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents, transcripts, photos, video recordings, audio recordings" from the file of Jaime Olivas, without any definition, qualification or limitation as to which file, time period, or subject matter. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff's directs Defendant to VILLEGAS J.S. 005663-005666.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 9:** Please produce any and all documents, transcripts, photos, video recordings, and audio recordings provided by or from the file of Joe Spencer that you have in your possession or provided to your attorneys.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents, transcripts, photos, video recordings, audio recordings" from the file of Jaime Olivas, without any definition, qualification or limitation as to which file, time period, or subject matter. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, please see all Plaintiff's production with Bates Numbers preceded by "VILLEGAS J.S" as from the file of Joe Spencer.

Investigation continues, and Plaintiff reserves the right to modify or supplement this

**Exhibit 6**

response.

**REQUEST NO. 10:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim that El Paso Police Department had a widespread practice of using coercive interrogation tactics, fabrication of evidence, withholding exculpatory information, and other illegal tactics as stated in Paragraph 169 of Plaintiffs' Third Amended Complaint [Docket No. 153], filed on October 19, 2019.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity. Plaintiff further objects to this Request to the extent that it purports to require Plaintiff to identify some specific sub-set of the discovery record in the case as supporting one of Plaintiff's legal or factual contentions, as such a requirement is inappropriate for a Request for Production under Fed. R. Civ. P. 34 and should be properly propounded as a contention interrogatory pursuant to Fed. R. Civ. P. 33.

Subject to and without waiving these objections, Plaintiff will produce the Documents which support his contention that the City of El Paso had longstanding policies and practices of using unconstitutional tactics to obtain wrongful convictions, as stated in Paragraph 167-171 of Plaintiff's Third Amended Complaint [Docket No. 153]. Plaintiff refers Defendant to the Documents produced in his production of documents, including ongoing supplements thereto.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 11:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim that the Chief of Police (in office at the time of the alleged misconduct) knew or had actual information concerning the alleged widespread practice of using coercive interrogation tactics, fabrication of evidence, withholding exculpatory information, and other illegal tactics as stated in Paragraph 169 of Plaintiffs' Third Amended Complaint [Docket No. 153], filed on October 19, 2019

**RESPONSE:** Plaintiff incorporates his objections and responses to Request No. 11 hereto.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 12:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim that any other policy

**Exhibit 6**

makers (in office at the time of the alleged misconduct) knew or had actual information concerning the alleged widespread practice of using coercive interrogation tactics, fabrication of evidence, withholding exculpatory information, and other illegal tactics as stated in Paragraph 169 of Plaintiffs' Third Amended Complaint [Docket No. 153], filed on October 19, 2019.

**RESPONSE:** Plaintiff incorporates his objections and responses to Request No. 11 hereto.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 13:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim that evidence was withheld, destroyed, or suppressed as stated in Paragraph 114 of Plaintiffs' Third Amended Complaint [Docket No. 153], filed on October 19, 2019.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents, transcripts, photos, video recordings, audio recordings or any other source of information" to support Plaintiff's claim that "evidence was withheld, destroyed, or suppressed" without any definition, qualification or limitation as to which evidence, time period, or subject matter. Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have been taken. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity. Plaintiff further objects to this Request to the extent that it purports to require Plaintiff to identify some specific sub-set of the discovery record in the case as supporting one of Plaintiff's legal or factual contentions, as such a requirement is inappropriate for a Request for Production under Fed. R. Civ. P. 34 and should be properly propounded as a contention interrogatory pursuant to Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, City Plaintiff will produce the Documents which support his contention that the City of El Paso had longstanding policies and practices of using unconstitutional tactics to obtain wrongful convictions, as stated in Paragraph 167-

**Exhibit 6**

171 of Plaintiffs' Third Amended Complaint [Docket No. 153]. Plaintiff refers Defendant to the Documents produced in his production of documents, as well as the Documents produced by Defendants in this matter, including ongoing supplements thereto.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 14:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim that policymakers for the City did not take any meaningful steps to change policies and practices, implement new or better training, increase supervision or discipline the officer as stated in Paragraph 176 of Plaintiffs' Third Amended Complaint [Docket No. 153], filed on October 19, 2019.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents, transcripts, photos, video recordings, audio recordings or any other source of information" to support Plaintiff's claim that "policymakers for the City did not take any meaningful steps to change policies and practices, implement new or better training, increase supervision or discipline the officer" without any definition, qualification or limitation as to which policymakers, or time period. Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have been taken. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity. Plaintiff further objects to this Request to the extent that it purports to require Plaintiff to identify some specific sub-set of the discovery record in the case as supporting one of Plaintiff's legal or factual contentions, as such a requirement is inappropriate for a Request for Production under Fed. R. Civ. P. 34 and should be properly propounded as a contention interrogatory pursuant to Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, City Plaintiff will produce the Documents which support his contention that the policymakers for the City of El Paso had

**Exhibit 6**

knowledge of serious misconduct and constitutional violations committed by El Paso police officers, yet took no meaningful steps to change City policies and practices, implement new or better training, increase supervision or discipline the officers involved, as stated in Paragraph 176 of Plaintiff's Third Amended Complaint [Docket No. 153]. Plaintiff refers Defendant to the Documents produced in his production of documents, including ongoing supplements thereto.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 15:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information concerning any El Paso Police Department written policy that resulted in a deprivation of your constitutional rights.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents, transcripts, photos, video recordings, audio recordings or any other source of information" that concerns "any El Paso Police Department written policy" which "resulted in a deprivation of your constitutional rights" without any definition, qualification or limitation as to which of the myriad of Plaintiff's constitutional rights that Defendants violated, or time period. Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have been taken. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity. Plaintiff further objects to this Request to the extent that it purports to require Plaintiff to identify some specific sub-set of the discovery record in the case as supporting one of Plaintiff's legal or factual contentions, as such a requirement is inappropriate for a Request for Production under Fed. R. Civ. P. 34 and should be properly propounded as a contention interrogatory pursuant to Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, City Plaintiff will produce the Documents which support his contentions related to any written policy of the El Paso Police

**Exhibit 6**

Department that resulted in a deprivation of Plaintiff's constitutional rights. Plaintiff refers Defendant to the Documents produced in his production of documents, including ongoing supplements thereto.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 16:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim in Paragraph 171(b) in Plaintiff's Third Amended Complaint.

**RESPONSE**: Plaintiff objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have been taken. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity. Plaintiff further objects to this Request to the extent that it purports to require Plaintiff to identify some specific sub-set of the discovery record in the case as supporting one of Plaintiff's legal or factual contentions, as such a requirement is inappropriate for a Request for Production under Fed. R. Civ. P. 34 and should be properly propounded as a contention interrogatory pursuant to Fed. R. Civ. P. 33.

Plaintiff holds no responsive documents; however, for reference, Plaintiff directs the parties to *Medrano v. Ryan*, No. CV-99-603-TUC-CKJ, 2012 WL 682417 (D. Ariz. Mar. 2, 2012).

Subject to and without waiving the foregoing objections, Plaintiff will produce Documents involving any similar and related conduct by El Paso Police officers which support the unfortunate reality that Plaintiff's wrongful prosecution and conviction was the product of longstanding policies and practices at the El Paso Police Department. Plaintiff refers Defendant to the Documents produced in his production of documents, as well as the Documents produced by the Defendants in this matter, including ongoing supplements thereto.

Investigation continues, and Plaintiff reserves the right to modify or supplement this

**Exhibit 6**

response.

**REQUEST NO. 17:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim in Paragraph 172(a) in Plaintiff's Third Amended Complaint.

**RESPONSE:**

Plaintiff holds no responsive documents; however, for reference, Plaintiff notes that the name of the person who Defendant Arbogast fabricated and suppressed evidence against is Scott Wisdom.

Plaintiff incorporates his objections and responses to Request No. 16 as fully stated therein.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 18:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim in Paragraph 172(b) in Plaintiff's Third Amended Complaint.

**RESPONSE:**

For reference, see VILLEGAS v. CITY OF EL PASO - P000375–000377; VILLEGAS v. CITY OF EL PASO - P000579–000610; VILLEGAS J.S. 037118–37311. The name of the person who Detective Marquez coercively interrogated is Debra Waits.

Plaintiff incorporates his objections and responses to Request No. 16 as fully stated therein.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 19:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim in Paragraph 172(c) in Plaintiff's Third Amended Complaint.

**RESPONSE:**

Plaintiff holds no responsive documents. The name of the person who Defendant Marquez coercively interrogated is Luis Alvarado.

Plaintiff incorporates his objections and responses to Request No. 16 as fully stated therein.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 20:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim in Paragraph 172(k) in Plaintiff's Third Amended Complaint.

**RESPONSE:** Plaintiff incorporates his objections to Request No. 17 as fully stated therein.

**Exhibit 6**

      Plaintiff directs Defendant to VILLEGAS J.S. 024087 and VILLEGAS v. CITY OF EL PASO - 4456–57.

      Plaintiff incorporates his objections and responses to Request No. 16 as fully stated therein.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 21:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim in Paragraph 172(l) in Plaintiff's Third Amended Complaint.

**RESPONSE:**

      Plaintiff directs Defendant to VILLEGAS v. CITY OF EL PASO - 1604.

      Plaintiff incorporates his objections and responses to Request No. 16 as fully stated therein.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 22:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim in Paragraph 172(m) in Plaintiff's Third Amended Complaint.

**RESPONSE:**

      Plaintiff directs Defendant to VILLEGAS v. CITY OF EL PASO - 4881.

      Plaintiff incorporates his objections and responses to Request No. 16 as fully stated therein.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 23:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim in Paragraph 173(a) in Plaintiff's Third Amended Complaint.

**RESPONSE:**

      Plaintiff holds no responsive documents; however, for reference, Plaintiff directs the parties to *In re M.M.J.M.*, No. 08-99-00167-CV, 2002 WL 102203 (Tex. App. Jan. 25, 2002)

      Plaintiff incorporates his objections and responses to Request No. 16 as fully stated therein.

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 24:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim in Paragraph 173(d) in Plaintiff's Third Amended Complaint.

**Exhibit 6**

Plaintiff holds no responsive documents; however, for reference, Plaintiff directs the parties to *State v. Martinez*, 155 S.W.3d 316 (Tex. App. 2004).

Plaintiff incorporates his objections and responses to Request No. 16 as fully stated therein. Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 25:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information supporting your claim in Paragraph 173(i) in Plaintiff's Third Amended Complaint.

**RESPONSE:**

Plaintiff holds no responsive documents; however, for reference, Plaintiff directs the parties to https://kfoxtv.com/archive/lawyer-says-police-interrogation-techniques-can-lead-to-false-confessions.

Plaintiff incorporates his objections and responses to Request No. 16 as fully stated therein. Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 26:** Please produce your fee agreement with your attorney, any attorney billing statements and attorney time records.

**RESPONSE:** Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

**REQUEST NO. 28:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information concerning supporting your claim for an award of damages, including punitive damages.

**RESPONSE**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "all documents, transcripts, photos, video recordings, audio recordings or any other source of information" to support a claim without any definition, qualification or limitation as to which investigation, time period, or subject matter. Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have

**Exhibit 6**

been taken. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity. Plaintiff further objects to this Request to the extent that it purports to require Plaintiff to identify some specific sub-set of the discovery record in the case as supporting one of Plaintiff's legal or factual contentions, as such a requirement is inappropriate for a Request for Production under Fed. R. Civ. P. 34 and should be properly propounded as a contention interrogatory pursuant to Fed. R. Civ. P. 33.

Without waiving the foregoing objections, Plaintiff states that he has produced all responsive non-privileged documents in his possession. Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 29:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information concerning any specific dollar amounts that you attribute to each and every alleged pecuniary losses, loss of companionship, mental anguish, physical injury and sickness, emotional pain you allege you have sustained as a result of the allegations contained in your Third Amended Complaint.

**RESPONSE:** Plaintiff incorporates his objections and responses to Request No. 28 as fully stated therein. Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 30:** Please produce any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information related to any past and future pecuniary losses, loss of companionship, mental anguish, physical injury and sickness, emotional pain and all other compensatory damages that you contend you suffered as a consequence of any one or more of the violations alleged in your Third Amended Complaint.

**RESPONSE:** Plaintiff incorporates his objections and responses to Request No. 28 as fully stated therein. Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 31:** Produce all records and/or bills for any services rendered by any medical or psychological health care provider having seen, examined, treated or provided services to Plaintiff for damages resulting from claims you allege in this lawsuit.

**RESPONSE:** Plaintiff incorporates his objections and responses to Request No. 28 as fully stated therein. Investigation continues, and Plaintiff reserves the right to modify or supplement this

**Exhibit 6**

response.

**REQUEST NO. 32:** Produce all documents, transcripts, photos, video recordings, audio recordings or any other source of information relating to any medicine prescribed to Plaintiff by any medical doctor related to the damages resulting from claims you allege in this lawsuit. Include in your response any labels, warnings, prescriptions, instructions, and any other documents provided with or attached to any such medicine.

**RESPONSE:** Plaintiff incorporates his objections and responses to Request No. 28 as fully stated therein. Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 33:** Produce all Payment Summary Form(s), not already provided to Defendant City, for medical bills for any services rendered by any health care provider having seen, examined, treated or provided services to you for damages resulting from claims you allege in this lawsuit as a result of the incident in question which were paid by Medicaid, TMHP and/or any of its collecting agencies, i.e. Healthcare Recoveries.

**RESPONSE**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of documents related to "claims you alleged in this lawsuit as a result of the incident in question" referencing that which was "paid by Medicaid, TMHP and/or any of its collecting agencies, i.e. Healthcare Recoveries" that was "not already provided to the Defendant", without any definition, qualification or limitation as to which incident, time period, or subject matter. Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have been taken. Plaintiff further objects to this Request to the extent that it purports to require Plaintiff to identify some specific sub-set of the discovery record in the case as supporting one of Plaintiff's legal or factual contentions, as such a requirement is inappropriate for a Request for Production under Fed. R. Civ. P. 34 and should be properly propounded as a contention interrogatory pursuant to Fed. R. Civ. P. 33. **:** Plaintiff objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity.

**Exhibit 6**

Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

**REQUEST NO. 34:** Please produce any background information including any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information involving brother Rudy Flores and Javier Flores supporting your claims that they were involved in the Lazo/England shooting.

**RESPONSE**: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "any background information" involved "Rudy Flores and Javier Flores", including "all documents, transcripts, photos, video recordings, audio recordings or any other source of information" to support a claim that they were involved in the Lazo/England murder, without any definition of "background information", qualification or limitation as to which of the myriad of Plaintiff's constitutional rights that Defendants violated, or time period. Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have been taken. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity. Plaintiff further objects to this Request to the extent that it purports to require Plaintiff to identify some specific sub-set of the discovery record in the case as supporting one of Plaintiff's legal or factual contentions, as such a requirement is inappropriate for a Request for Production under Fed. R. Civ. P. 34 and should be properly propounded as a contention interrogatory pursuant to Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, Plaintiff directs Defendant to DEF CITY 00241, DEF CITY 269-270. Further answering, Plaintiff states that he will also rely on each Document produced in discovery to establish his innocence, which makes it more likely that the Flores brothers were responsible for the Lazo/England murders.

Investigation continues, and Plaintiff reserves the right to modify or supplement this

**Exhibit 6**

response.

**REQUEST NO. 35:** Please produce any background information including any and all documents, transcripts, photos, video recordings, audio recordings or any other source of information that you have in your possession involving the two February 7, 1992 shooting incidents involving Priscilliano Villegas, Enrique Rodriguez, Marcos Gonzales, and Fernando Lujan.

RESPONSE: Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, and vague, in that it seeks production of "any background information" involved "two February 7, 1992 shooting incidents involving Priscilliano Villegas, Enrique Rodriguez, Marcos Gonzales, and Fernando Lujan", including "all documents, transcripts, photos, video recordings, audio recordings or any other source of information" to support a claim that they were involved in the Lazo/England murder, without any definition of "background information". Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to Plaintiff's contention about the state of the evidence supporting his claims while discovery is in its early stages and before any depositions have been taken. Plaintiff further objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity. Plaintiff further objects to this Request to the extent that it purports to require Plaintiff to identify some specific sub-set of the discovery record in the case as supporting one of Plaintiff's legal or factual contentions, as such a requirement is inappropriate for a Request for Production under Fed. R. Civ. P. 34 and should be properly propounded as a contention interrogatory pursuant to Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, Plaintiff directs Defendant to VILLEGAS J.S. 17107-17108.  Investigation continues, and Plaintiff reserves the right to modify or supplement this response.

                                               RESPECTFULLY SUBMITTED:

                                               **DANIEL VILLEGAS**

**Exhibit 6**

By: /s/ Wallace Hilke<br>
*Attorney for Daniel Villegas*

Jon Loevy, Illinois Bar No. 6218254 (admitted *pro hac vice*)
jon@loevy.com
Russell Ainsworth, Illinois Bar No. 6280777
russell@loevy.com
Sam Heppell, Illinois Bar No. 6320776
sam@loevy.com
Quinn K. Rallins, Illinois Bar No.6339556 (admitted *pro hac vice*)
rallins@loevy.com
Wallace Hilke, Illinois Bar No. 6329814 (admitted *pro hac vice*)
hilke@loevy.com

LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
T: 312-243-5900
F: 312-243-5902


Felix Valenzuela
State Bar No. 24076745

VALENZUELA LAW FIRM
221 N. Kansas Street, Ste. 1200
El Paso, TX 79901
T: 915-209-2719
F: 915-493-2404
felix@valenzuela-law.com

## CERTIFICATE OF SERVICE

I hereby certify that, on January 18, 2023, I served a copy of Daniel Villegas's Amended Responses to Defendant City's First Request for Production of Documents via electronic mail to all counsel of record in this action.

/s/ Wallace Hilke

**Exhibit 6**