IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, EL PASO DIVISION

| | | |
|---|---|---|
| DANIEL VILLEGAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:15-CV-386 |
| | ) | |
| v. | ) | Hon. David C. Guaderrama |
| | ) | |
| CITY OF EL PASO et al., | ) | Hon. Leon Schydlower |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF DANIEL VILLEGAS'S RESPONSE TO DEFENDANTS'
MOTIONS TO STRIKE PLAINTIFF'S EXPERTS [DKT. 411, 413]**

Defendants City of El Paso and Alfonso Marquez declined to depose two of Plaintiff's three expert witnesses, and more than seven months have passed since their January 13, 2023 deadline to complete those depositions.[1] The City's late attempt to extend long-passed discovery and motion deadlines should not be entertained by the Court. Because the City's motion is meritless, procedurally improper, and misrepresents the parties' communications, the Court should deny the City's motion and award attorney's fees to Plaintiff.

BACKGROUND

Fact discovery closed in this matter on November 28, 2022, and expert discovery closed on January 13, 2023. [3rd Am. Sched. Order ¶¶ 5, 8, Dkt. 249.] The Court has emphasized that "there will be **no intervention** by the Court except in extraordinary circumstances" in post-deadline discovery conducted by agreement

---

[1] Defendant Marquez's motion simply adopts the arguments made by the City; for that reason, Plaintiff's response refers to "the City's" motion and argument.

[*Id.*] The parties' deadline to file "all discovery-related motions" was January 27, 2023. [4th Am. Sched. Order ¶ 10.] The Court previously rejected an attempt to extend the January expert discovery deadlines. [Dkt. 315.] The final deadline for dispositive motions was April 19, 2023. [Dkt. 336 ¶ 11.]

Plaintiff timely served his expert reports on Defendants on October 31, 2022. [Dkt. 269.] Defendants did not then request deposition dates, but served their expert reports on December 12, 2022. [Dkt. 293–297.] That day, Plaintiff immediately requested deposition dates for Defendants' experts. [Ex. 1] Three days later, on December 15, 2023, the City for the first time requested deposition dates for Plaintiff's experts. [*Id.*] Given the last-minute request shortly before the holidays, the first available dates for Plaintiff's experts fell in January, after the deadline. Plaintiff did not oppose Defendants taking a few extra weeks to depose experts, so he proffered dates in January. The City proceeded to notice Plaintiff's expert depositions for January.

Defendants, however, canceled Joseph Allio and Richard Leo's scheduled depositions in January. Nonetheless, Plaintiff agreed that those depositions could be taken on dates offered by the City in late January or early February. [Ex. 2.] Defendants did not notice depositions for those dates or proceed with those depositions. However, on February 14, 2023, Plaintiff advised defense counsel that Plaintiff could not agree to an indefinite delay in taking the requested depositions without prejudicing him, given the long time he had waited for trial. [Ex. 3.] Nevertheless, Plaintiff offered dates on several occasions: on February 21, 2023,

2

Plaintiff offered early March dates; on March 22 and March 23, 2023, Plaintiff offered April dates; and on March 31 and April 7, 2023, Plaintiff offered April and May dates. [Ex. 4.] Defendants did not take any of the dates offered by Plaintiff and did not notice Allio or Leo's depositions.

Instead, Defendants failed to raise the issue of expert depositions with Plaintiff for ***more than three months***, ultimately sending an email on July 11, 2023. [Ex. 5.][2] Plaintiff's counsel was surprised, because Plaintiff had previously advised Defendants that Plaintiff would not agree to an indefinite delay and because Defendants had not pursued the issue for more than three months. Plaintiff responded by informing Defendants that their request for expert depositions was untimely. [Ex. 6.] The parties conferred by phone on July 19, 2023, where Plaintiff sought clarification on why Defendants sought the late depositions of his experts and the City explained that it wanted to file further *Daubert* motions. [Att. 1, Decl. of Wallace Hilke.] Plaintiff then communicated that he would need to discuss and determine Plaintiff's position on whether the depositions (and further motion practice) were appropriate. [*Id.*] Plaintiff subsequently responded that his continued position was that reopening expert depositions and *Daubert* motion practice would be inappropriate. [Ex. 7.] Weeks later, counsel for Defendant Carlos Ortega accused Plaintiff of having promised to present the experts at the July 19 conference. [Ex. 8.] That did not happen, and Plaintiff immediately responded saying as much. [*Id.*]

---

[2] The City suggests that it also requested dates from Plaintiff on June 11, but it did not. That email was sent only to counsel for other Defendants, not to any of Plaintiff's attorneys. [Dkt. 411-2, Ex. K.] That email obviously cannot be considered as a request or notice to Plaintiff.

3

Tellingly, none of Defendants' prior correspondence said that Plaintiff promised to allow post-deadline expert depositions during the July 19 conference.

## EFFORTS TO CONFER

The City then stated that it would move to strike Plaintiff's experts. [Ex. 9.] Plaintiff offered times to confer and asked for the basis for the City's motion, noting that expert discovery had been closed for more than six months and that the City declined to depose Plaintiff's experts when they were offered. [Ex. 10.] The City responded that because Plaintiff referenced the reports of those experts in his summary judgment response, those references and reports should be struck; the City did not explain why "extraordinary circumstances" justified filling an out-of-time discovery motion. [Ex. 11.] Plaintiff wrote back asking (1) why the City believed Plaintiff had agreed to indefinitely delay expert depositions and (2) why the City believed summary judgment briefing should be reopened for more arguments on expert testimony. [Ex. 12] The City responded that it was not asking the Court to re-open summary judgment briefing and "did not say that Plaintiff granted anything like an indefinite delay," but that "Plaintiff continued to lead us to believe that we could take these depositions if we agreed on a date"—even though the City had not sought dates from Plaintiff for more than three months. [Ex. 13.] Plaintiff sought further clarification on whether the City sought to file more motions bearing on summary judgment. [Ex. 14.] The City did not respond, and never conferred by phone with Plaintiff despite Plaintiff's request for a conference. Instead, it filed the present motion.

## LEGAL STANDARD

A court may extend a deadline to take an act after time has expired only "for good cause" and "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Absent a showing of "excusable neglect," a court is "amply justified" in refusing to extend deadlines after they have passed. *Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1076 (5th Cir. 1980).

## ARGUMENT

**A. No extraordinary circumstances justify reopening expert discovery.**

This Court has long stated that it would refuse to intervene in post-deadline discovery absent "extraordinary circumstances." [Dkt. 249 ¶¶ 5, 8.] The City fails to mention that order of the Court and does not argue that such circumstances apply. Further, the City does not argue that it has demonstrated excusable neglect under Rule 6 to extend a now-passed deadline.

The City waited until December 15, 2022 to ever seek Plaintiff's experts' depositions (six weeks after they were disclosed). After canceling the agreed-upon dates for the depositions, the City failed to re-notice Plaintiff's experts for deposition and let the issue sit for more than three months. The City knew that Plaintiff had not agreed, and would not agree, to indefinitely delay those depositions. The City was not entitled to assume that they could depose Plaintiff's experts more than half a year after the expert deposition deadline passed and does not explain why such a delay was justified. The City's arguments to the contrary lack merit.

First, the City contends that "the reliability and relevancy of an expert's potential testimony cannot be tested unless or until they are deposed." Dkt. 411 at 6. That is not so: parties can, and do, move to bar reports from un-deposed retained experts. *See, e.g.*, *Weitzel v. Home Depot U.S.A., Inc.*, No. 1:19-CV-72-ML, 2020 WL 4718032, at *3 (W.D. Tex. July 2, 2020) (ruling on *Daubert* motion regarding expert who was not deposed); *Finisar Corp. v. DirecTV Grp., Inc.*, No. CIV.A.1:05-CV-264, 2006 WL 5111121, at *1 (E.D. Tex. May 2, 2006) (noting that the 1993 Advisory Committee notes to the Rule 26(a)(2) reporting requirements "make it clear that . . . report[s] must be complete enough so that a deposition [is] not needed of every single expert"). The City also cites to Federal Rule of Evidence 702, which addresses the non-controversial standard for admissibility of expert testimony, but that is not germane to the parties' dispute. Dkt. 411 at 6.

Second, the City contends that it had a "good faith" basis to believe it could file *Daubert* motions after the dispositive motion deadline because the scheduling order contemplates such motions "within thirty (30) days of the expert's deposition, if a deposition is taken." Dkt. 411 at 6 (citing Dkt. 249 ¶ 7). However, the scheduling order does not state that such motions may be filed after the dispositive motion deadline has passed, and Plaintiff never agreed to allow late depositions for the purpose of extending the *Daubert* motion deadline. In fact, the City first raised that issue on June 22 in an email to Magistrate Judge Schydlower and did not confer with Plaintiff on that point, as Plaintiff immediately noted. [Ex. 15.] Plaintiff could not have expected that the City would seek such an extension and the City provides

6

no basis for the Court to grant one. The Court has "inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Allowing not only further expert depositions, but further *Daubert* briefing—where the City has demonstrated neither excusable neglect nor extraordinary circumstances—would unnecessarily delay Plaintiff's long-awaited day in court.

Third, the City suggests that Plaintiff is a "disobedient party" that can be sanctioned under Rule 37(b)(2)(B) for failing to "obey an order to provide or permit discovery." Dkt. 411 at 6–7. That argument is doubly frivolous. First, Rule 37(b)(2)(B) authorizes sanctions for failing to produce a person for "physical or mental examination" under Rule 35(a) order, which has nothing to do with expert depositions. Second, the Court has never ordered Plaintiff to produce experts for post-deadline discovery. Instead, the Court's order clarifies that such discovery may proceed only "by agreement" and that the Court will not intervene in such discovery absent extraordinary circumstances. [Dkt. 249 ¶¶ 5, 8.]

Fourth, the City argues that Plaintiff must present Allio and Leo for depositions because they could not be deposed before the January 13, 2023 expert discovery deadline. Dkt. 411 at 7. But the City did not request deposition dates until December 15, 2022, making it difficult for Plaintiff to offer dates on short notice over the holidays. Still, Plaintiff made every effort to offer the earliest possible dates, including as early as January 19 and January 23 for Leo and Allio. [Dkt. 411-

7

2, Ex. A.] The City is even more guilty of these short delays: even though Plaintiff asked the City for expert deposition dates three days before the City sought dates, the City unilaterally withheld its expert until February 2023. [Ex. 16 at 1–2.] Any delays are due to the City failing to promptly notice and take depositions of Plaintiff's experts.

In sum, Plaintiff should not be punished for offering to reasonably accommodate Defendants' delays in deposing his experts. As the City failed to note in its motion, Plaintiff early communicated that he would not agree to indefinite delays in expert discovery. [Ex. 3.] After Plaintiff's last offer of dates on April 7, 2023, the City did not again request dates from Plaintiff until July 11, 2023. [Ex. 5.] The City's June 2023 email to defense counsel—which was not sent to Plaintiff's counsel—did not constitute a request for dates. [Dkt. 411-2, Ex. K.] The City's email to Judge Schydlower that month, to which Plaintiff immediately responded noting that the City had not conferred about late *Daubert* motions, also was not a request for dates. [Ex. 15.] Thus, Plaintiff fulfilled his agreement to cooperate by offering many rescheduling dates, but Plaintiff never promised to wait indefinitely. Because the City waited more than three months to re-raise the topic of expert depositions and delayed until long after all deadlines had passed, the City has no basis to insist on reopening expert discovery. It certainly has not shown the extraordinary circumstances or excusable neglect required for such an extension.

## B. Plaintiff Should Be Awarded Attorney's Fees

When the Court denies a discovery motion, it must require the movant or filing attorney to pay reasonable expenses and attorney's fees incurred in opposing the motion, unless the motion was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Because the City's motion contained substantial omissions and misrepresentations, and was procedurally improper, the Court should award fees to Plaintiff.

The City represented in its motion that on June 9, 2023, it "again requested dates for Allio and Leo's depositions." That was false, or at least badly misleading—that email was not sent to Plaintiff's counsel. [Dkt. 411-2, Ex. K.] The City also failed to include correspondence from Plaintiff that bore on the City's representations, including emails advising that Plaintiff would not agree to indefinite expert discovery delays and seeking clarification on the basis and nature of the City's motion, despite an explicit request that his position in opposition be communicated to the Court. [Exs. 3, 14.]

The City's motion was also procedurally improper because it came after the deadlines for all discovery motions and for dispositive motions. The City has never explained to Plaintiff, or to the Court, why extraordinary circumstances justify its untimely motion. Further, although the City told Plaintiff that it would file a motion to strike, its motion is far broader, seeking to strike experts, reopen discovery, and impose sanctions. The City did not properly or adequately attempt to

9

confer as required by the Rules. Thus, the City cannot claim substantial justification and Plaintiff should be awarded costs.

Finally, the City's position that Plaintiff should be sanctioned is frivolous. Plaintiff established early on that the City could not indefinitely delay expert depositions. The City could not have expected to take those depositions at its leisure long after all discovery and dispositive briefing had closed.

## CONCLUSION

For the above reasons, Defendants' motions to strike should be denied and Plaintiff should be awarded attorney's fees for defending the motion.

RESPECTFULLY SUBMITTED,

DANIEL VILLEGAS

By: /s/ *Wallace Hilke*
    One of His Attorneys

Jon Loevy, Illinois Bar No. 6218254
(admitted *pro hac vice*)
jon@loevy.com
Russell Ainsworth, Illinois Bar No. 6280777
russell@loevy.com
Sam Heppell, Illinois Bar No. 6320776
sam@loevy.com
Quinn Rallins, Illinois Bar No. 6339556
(admitted *pro hac vice*)
rallins@loevy.com
Wallace Hilke, Illinois Bar No. 6329814
(admitted *pro hac vice*)
hilke@loevy.com
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
T: 312-243-5900

F: 312-243-5902

Felix Valenzuela
State Bar No. 24076745
VALENZUELA LAW FIRM
221 N. Kansas Street, Ste. 1200
El Paso, TX 79901
T: 915-209-2719
F: 915-493-2404
felix@valenzuela-law.com

## CERTIFICATE OF SERVICE

I, Wallace Hilke, an attorney, hereby certify that on August 11, 2023, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

*/s/ Wallace Hilke*
One of Plaintiff's Attorneys