UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **DANIEL VILLEGAS**, <br><br> *Plaintiff*, <br> v. <br><br> **CITY OF EL PASO;** <br> **YVONNE WHITAKER,** <br> *in her capacity as the Executor of Decedent Alfonso Marquez's Estate*; <br> **CARLOS ORTEGA;** <br> **SCOTT GRAVES;** <br> **EARL ARBOGAST;** <br> **HECTOR LOYA;** <br> **RAY SANCHEZ; and** <br> **UNKNOWN EMPLOYEES OF THE CITY OF EL PASO,** <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § <br><br> EP-15-CV-00386-DCG |

## ORDER

Now that the Court has ruled on Defendants' Motions for Summary Judgment,[1] this case is almost ready to proceed to trial. There are, however, a few procedural issues that the Court must resolve before soliciting the parties' availabilities for a pretrial conference and trial.[2]

### I.    DISCUSSION

**A.    The Court Orders the Parties to Inform the Court Whether the City's Motions to Exclude Plaintiff's Experts Remain Live**

Before the Court ruled on Defendants' Summary Judgment Motions, Defendant City of El Paso filed:

---

[1] *See* Mem. Op. & Order re: Individual Defs., ECF No. 472; Mem. Op. & Order re: City, ECF No. 473.

[2] *See* Mem. Op. & Order re: Individual Defs. at 70 (stating that "[a] separate order will follow, directing the remaining parties to submit their availability for trial").

  (1)  a motion to exclude or limit the opinions of Plaintiff's expert Dr. Richard A. Leo,[3] which Defendant Alfonso Marquez[4] has adopted by reference;[5] and

  (2)  a motion to exclude or limit the opinions of Plaintiff's expert Joseph Allio.[6]

It's not immediately clear whether either, both, or none of those motions remain live after the Court's summary judgment rulings. The Court thus asks the parties to clarify that matter below.[7]

### B. The Court Denies Plaintiff's Motion for Status Hearing

Before the Court ruled on Defendants' Summary Judgment Motions, Plaintiff also filed a motion for a status hearing "to address pretrial logistics, streamline remaining issues, and discuss additional steps the Court may require before setting the matter for trial."[8] In light of this Order and the Court's intervening summary judgment rulings, the Court perceives no reason to hold a status conference at this time. The Court will set this matter for a pretrial conference and trial as soon as it resolves the pending expert witness motions mentioned above.[9]

---

[3] *See* City's Mot. Exclude Leo, ECF No. 425.

[4] After Defendant Marquez filed the Motion adopting the City's Motion by reference, the Court substituted the executor of Defendant Marquez's estate (Yvonne Whitaker) in Defendant Marquez's place as a named Defendant. *See* Order Granting Mot. Substitute, ECF No. 457, at 3.

[5] *See* Marquez's Mot. Exclude Leo, ECF No. 429.

[6] *See* City's Mot. Exclude Allio, ECF No. 427.

[7] *See infra* Section II.

[8] *See* Mot. Status Hr'g, ECF No. 471, at 2.

[9] *See supra* Section I.A.

## II.     CONCLUSION

The Court therefore **ORDERS** Defendant City of El Paso and Defendant Yvonne Whitaker (in her capacity as the executor of Decedent Alfonso Marquez)[10] to **FILE** a document by **September 2, 2025** indicating their positions on whether all, some, or none of the pending Motions to Exclude remain live.

If Plaintiff Daniel Villegas takes a contrary position as to any of those pending motions, he **MAY FILE** a document by **September 9, 2025** explaining the basis for his disagreement.

Depending on the parties' responses to that question, the Court will:

(1)     deny any Motions to Exclude that are now moot; and

(2)     either:

    (a)     rule on the Motions to Exclude that remain live (if any); or

    (b)     refer those motions to U.S. Magistrate Judge Laura Enriquez for a determination.[11]

Once the Motions to Exclude are no longer pending, the Court will solicit the parties' availabilities for trial.

Finally, the Court **DENIES** "Plaintiff's Motion for Status Hearing" (ECF No. 471).

---

[10] *See supra* note 4.

[11] *See, e.g.*, *Lloreda v. Dolgencorp of Tex., Inc.*, No. 3:21-cv-00171, 2022 WL 203258, at *1 n.1 (S.D. Tex. Jan. 24, 2022) (remarking that "[d]istrict courts in the Fifth Circuit have universally treated motions to strike expert testimony as non-dispositive matters within the statutory jurisdiction of magistrate judges").

*See also* Disclosure, ECF No. 464, at 2–4 (indicating that the El Paso Division's other three Magistrate Judges are conflicted out of this case).

**So ORDERED and SIGNED this 26th day of August 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**