UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DANIEL VILLEGAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| CITY OF EL PASO; | § | |
| YVONNE WHITAKER, | § | |
| *In her capacity as the Executor of Decedent* | § | **EP-15-CV-00386-DCG** |
| *Alfonso Marquez's Estate*; | § | |
| CARLOS ORTEGA; | § | |
| SCOTT GRAVES; | § | |
| RAY SANCHEZ; and | § | |
| UNKNOWN EMPLOYEES OF THE | § | |
| CITY OF EL PASO, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER SETTING HEARING FOR COUNSEL MARTINEZ TO SHOW CAUSE WHY THE COURT SHOULDN'T SANCTION HIM UNDER FED. R. CIV. P. 11(c)

Plaintiff Daniel Villegas has waited a long time for his day in Court.  Between stays,[1] interlocutory appeals,[2] and a global pandemic, over a decade has passed since Plaintiff filed his original complaint in 2015.[3]

---

[1] *See, e.g.*, Order Adopting R. & R. & Staying Case, ECF No. 68.

[2] *See, e.g.*, Arbogast Notice Appeal, ECF No. 196.

[3] *See* Compl., ECF No. 1.

Nonetheless, this case is finally ready for trial. Thus, on January 30, 2026, the Court ordered the parties[4] to file a list of mutually acceptable trial dates and an estimate of the trial's length by February 13, 2026.[5]

On February 13th, the parties jointly filed a status report—endorsed by counsel for each party[6]—indicating that "[t]he earliest date on which all parties represent that they are currently available to begin and complete the trial of this case is August 31, 2026."[7] The Defendant Officers stated in that joint report that they estimate that the first phase of the trial will take two to three weeks.[8]

Among the attorneys who attested he was available to begin trial on August 31, 2026 was James Martinez, counsel for Defendant Yvonne Whitaker (in her capacity as former Defendant Alfonso Marquez's executor).[9] Mr. Martinez disclosed only two conflicts that could potentially interfere with an August 2026 trial setting.[10] He first stated that he was scheduled for trial in a case called *Chavez v. Chacon* on August 4, 2026.[11] However, because that trial was only

---

[4] For the purposes of this Order, "the parties" means all parties except Defendant Ray Sanchez, whose appeal is presently pending before the Fifth Circuit. *See, e.g.*, Def. Sanchez Notice Appeal, ECF No. 477.

[5] *See* Order Confer & Provide Trial Availabilities, ECF No. 496.

[6] *See* Joint Status Report, ECF No. 497, at 6–8.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[7] *Id.* at 1.

[8] *See id.*

[9] *See id.* at 1, 2–3, 8.

[10] *See id.* at 3.

[11] *See id.*

"expected to take two weeks" (*i.e.*, until August 18, 2026), Mr. Martinez gave the Court no reason to think that the *Chavez* trial would interfere with an August 31st trial setting here.[12]  Mr. Martinez also disclosed that he was scheduled for a three-week trial in a case called *Covington v. Blair* on August 24, 2026.[13]  But he represented to the Court that he was "available to begin and complete the trial of this case" on "August 31, 2026" notwithstanding the *Covington* trial setting.[14]

Based on those representations (and similar representations by the other parties' attorneys), the Court scheduled trial for August 31, 2026.[15]  Thus, assuming the Defendant Officers have accurately estimated that the first phase of trial will last two to three weeks,[16] the first phase will end on September 14, 2026 at the earliest and September 21, 2026 at the latest.

On April 29, 2026, however, the Undersigned received a letter from Mr. Martinez.[17]  The thrust of the letter is that this case's August 31, 2026 trial setting does not work for Mr. Martinez because he has three other, conflicting trials.[18]  He first asserts that he is set for trial in a case called *Noriz v. GEICO* on September 9, 2026.[19]  Notably, the *Noriz* trial has been on the calendar

---

[12] *See id.*

[13] The Joint Status Report stated that *Covington* was set for trial on "August 24, *2025*."  *See id.* (emphasis added).  The Court presumes "2025" was a typo.  *See id.* (stating that *Covington* was set for a pretrial conference on "August 7, *2026*" (emphasis added)).

[14] *See id.* at 1.

[15] *See* 2d Am. Pretrial Trial & Posttrial Order, ECF No. 499, at 2.

[16] *See supra* note 8 and accompanying text.

[17] *See* Martinez Letter, attached to this Order as Exhibit 1.

[18] *See id.* at 2.

[19] *See id.*

since February 5, 2026[20]—over a week before the parties' trial availabilities were due on February 13, 2026.[21] Yet Mr. Martinez didn't disclose the *Noriz* trial in the parties' joint status report.[22] Moreover, despite representing in the joint report that he was "available to begin and complete the trial of this case [on] August 31, 2026" notwithstanding the August 24, 2026 trial setting in *Covington*,[23] Mr. Martinez now claims that the *Covington* trial irreconcilably conflicts with the trial here.[24] Mr. Martinez therefore asks "the Courts"—that is, the Undersigned and the Judges presiding over the other cases—"to resolve the conflict" for him.[25]

The Court is troubled by Mr. Martinez's letter for three reasons. First, Mr. Martinez represented to this Court via the parties' February 13, 2026 status report that he was available to begin trial on August 31, 2026.[26] Two of the three trials that Mr. Martinez references in his letter were set ***before*** that date—on December 2, 2026 and February 5, 2026.[27] It's therefore unclear why he would represent to the Court that the August 31, 2026 trial setting worked for him in the first place. Nor is it clear how that representation could have been "to the best of [Mr.

---

[20] *See* Order Granting Motion for Continuance, *Noriz v. GEICO Advantage Ins. Co.*, No. 3:24-cv-00320 (W.D. Tex. Feb. 5, 2026), ECF No. 120.

[21] *See supra* note 5 and accompanying text.

[22] *See* Joint Status Report at 2–3.

[23] *Compare id.* at 1, *with id.* at 3.

[24] *See* Martinez Letter at 2.

Mr. Martinez's letter also indicates that, on March 2, 2026, the *Chavez* court moved the two-week trial from August 4, 2026 to August 24, 2026. *See id.*; *see also supra* notes 11–12 and accompanying text. The Court recognizes that Mr. Martinez could not have disclosed that particular conflict in the parties' February 13, 2026 report. *See supra* note 5 and accompanying text. But Mr. Martinez certainly could have informed this Court of that new conflict long before his April 29, 2026 letter.

[25] Martinez Letter at 2.

[26] *See supra* notes 6–7 and accompanying text.

[27] *See* Martinez Letter at 2; *see also supra* notes 19–24 and accompanying text.

Martinez's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances"[28] or consistent with his duty of candor to the Court.[29]

Second, despite asking the Court "to resolve the conflict" for him, Mr. Martinez's letter doesn't provide any alternatives to the current trial date.[30] Setting trial in this case was not a simple task. The parties estimate that this trial may last five weeks in total,[31] and—besides Mr. Martinez and his client—there are four other parties and sets of counsel with a stake in this trial setting.[32] Even if the Court were inclined to resolve the conflict, the Court can't forecast when the parties and counsel have five weeks of alternative trial availability.

Third, the Court is not Mr. Martinez's fixer. The Court has—on numerous occasions—indicated its desire to move towards a final disposition in this case.[33] That, however, has proven easier said than done.[34] Now, with trial finally on the books, Mr. Martinez seems to think that his failure to properly check his calendar provides reason to delay trial yet again[35]—and (worse

---

[28] *See* FED. R. CIV. P. 11(b).

[29] *See* W.D. TEX. L.R. AT-7(a) ("Members of the bar of this court and any attorney permitted to practice before this court must comply with the standards of professional conduct set out in the Texas Disciplinary Rules of Professional Conduct, . . . which are hereby adopted as the standards of professional conduct of this court."); *see also* Texas Disciplinary Rules of Professional Conduct, Texas Government Code, Title 2, Subtitle G, App. A, art. X, § 9, Rule 3.03 ("Candor Toward the Tribunal").

[30] *See generally id.*

[31] *See* Joint Status Report at 1.

[32] *See id.* at 6–8.

[33] *See, e.g.*, 2d Am. Scheduling Order, ECF No. 238, at 1 & n.1; *see also United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) ("The federal courts are vested with inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases, including the power of the court to control its docket." (cleaned up)).

[34] *See, e.g.*, *supra* notes 1–3 and accompanying text.

[35] *See* FED. R. CIV. P. 11(b)(1) (indicating that, where an attorney "present[s] to the court a pleading, written motion, or other paper," that attorney certifies that "it is not being presented for any improper purpose, such as to . . . cause unnecessary delay").

yet) that the Undersigned should be the one tasked with figuring out the logistics for him.[36]  The Court has no patience for Mr. Martinez's brazen request.

The Court therefore **ORDERS** Mr. Martinez to **APPEAR** for an **IN-PERSON HEARING** to **SHOW CAUSE** why the Court shouldn't sanction him under Federal Rule of Civil Procedure 11(c) for certifying that he was "available to begin and complete the trial of this case [on] August 31, 2026" when that apparently wasn't true.  Mr. Martinez must also come prepared to address how his failure to provide accurate information in response to the Court's January 30, 2026 Order is consistent with his duty of candor to the Court.[37]

The other parties **MAY**—but are **NOT REQUIRED TO**—attend the Show Cause Hearing.

The hearing will take place on **May 26, 2026** at **8:30 a.m. Mountain Time** in **Courtroom Number 322**, on the Third Floor of the **United States Courthouse, 525 Magoffin Avenue, El Paso, Texas**.

All participants shall attend the hearing **IN PERSON**.  The Court will **NOT** consider requests to appear by video, telephone, or by any other remote means.

Although the Court **MAY** consider requests to move the hearing to a different date to accommodate the participants' respective schedules, the Court will **NOT** consider any such request filed after **Friday, May 22, 2026** at **12:00 p.m. Mountain Time** except in extraordinary and unforeseeable circumstances.

Finally, the Court **ADMONISHES** the parties that it will not tolerate conduct—whether intentional or negligent—that jeopardizes this case's trial setting.  The Court is keenly aware of

---

[36] *See supra* note 25 and accompanying text.

[37] *See supra* note 29 and accompanying text.

how long this case has been pending, and it will not look favorably on anything that could be viewed as an attempt to interject further, unnecessary delay.

**So ORDERED and SIGNED this 20th day of May 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**